## NORTHERN DEPARTMENT — CENTRAL DIVISION.
### MAY TERM, 1896.

BELLE A. THOMPSON *et al.* v. M. C. HUBBARD *et al.*

No. 75.

JUDGMENT — *Priority of Liens on Realty.* A personal judgment rendered against a mortgagor, in an action to foreclose a mortgage, becomes a lien on all real estate of the judgment debtor in the county, and is superior to the lien of a prior judgment against the same defendant on which no execution has ever been issued, where more than one year had elapsed from the date of its rendition to the first day of the term of court in which the personal judgment was rendered in the foreclosure proceeding. ·

MEMORANDUM. — Error from Republic district court ; F. W. STURGES, judge.    Action in foreclosure by Belle A. Thompson against E. A. Hallowell, Florence C. Simonds, M. C. Hubbard, and others.    Judgment for M. C. Hubbard.    Belle A. Thompson and Florence C. Simonds bring the case to this court.    Reversed.    The opinion herein, filed May 7, 1896, states the material facts.

*W. T. Dillon*, and *Jay F. Close*, for plaintiffs in error. *Noble & Hogin*, for defendants in error.

The opinion of the court was delivered by

CLARK, J. : On October 14, 1891, in an action then pending in the district court of Republic county to foreclose a mortgage on certain real estate, the plaintiff therein, Belle A. Thompson, recovered a personal judgment against E. A. Hallowell and wife for $1,048.90, and Florence C. Simonds also recovered a

personal judgment against the same defendants for
$2,587.50, and a decree was duly entered on that day
foreclosing the Thompson mortgage, and the judg-
ment for $1,048.90 was therein decreed to be a first
lien on said real estate.   The Simonds claim was also
secured by a mortgage on the same and other real.
estate, and the decree declared that the judgment for
$2,587.50 was a second lien on the real estate covered
by the Thompson mortgage and a first lien on the
other property covered by the Simonds mortgage.
N. M. Smith was a judgment creditor of E. A. Hallo-
well, and his judgment was declared a lien subject to
the Thompson and Simonds judgments.   Thereafter,
and on October 30, 1891, M. C. Hubbard asked and
was granted leave to appear and answer as a defend-
ant, and the cause was continued to the next term of
the court, at which time, on February 12, 1892, the
cause coming regularly on to be heard before the court
upon the issues joined therein between Hubbard and
Thompson and Simonds, the court, after reciting the
proceedings had at the October term, 1891, found that
on May 15, 1889, in an action then duly pending in
said district court of Republic county, Hubbard ob-
tained a personal judgment against E. A. Hallowell,
which, prior to the time of the execution of the mort-
gages to Thompson and Simonds, was a valid lien on
all of Hallowell's real estate, and that the amount due
thereon on February 12, 1892, was $1,149.90 ; that no
execution had ever been issued upon said judgment
or any levy made upon any of Hallowell's real estate ;
that the value of the property covered by the Thomp-
son mortgage was insufficient to satisfy the claim of
either Thompson, Simonds, or Hubbard, and that
the real estate on which the Simonds judgment was,
by the decree entered October 14, 1891, declared a

first lien, was not of sufficient value to satisfy the judgment for $2,587.50; that Hallowell and wife were insolvent, and had no property other than said real estate subject to execution. Upon these findings, the court adjudged the Hubbard judgment a lien on all the real estate covered by the mortgages, prior and superior to the judgment liens of Thompson and Simonds, and entered an order and decree that upon a sale of any of said real estate upon execution or other process issued upon any of the judgments, the proceeds thereof should, after the payment of the costs, be first applied in payment of the Hubbard judgment. The only question presented to this court by the record is as to whether or not the court erred in adjudging the lien of the Hubbard judgment to be superior to the liens of the judgments obtained on May 14, 1891, by Thompson and Simonds. That Hubbard's judgment was a lien prior to that created by either of the mortgages, we think there can be no question. That judgment was in full force and effect at the date of the execution of the mortgages, and the latter conveyed the title incumbered by such lien, and a levy of an execution under that judgment on any of the real estate in controversy prior to the first day of the October term of court, 1891, and a subsequent sale by virtue of such levy would have operated to transfer the title unincumbered by the liens of the mortgages. Under section 419 of the code, a judgment of a court of record of this state becomes a lien on the real estate of the debtor in the county in which the judgment is rendered from the first day of the term at which it is rendered. Under section 468 of the code, if no execution is taken out and levied before the expiration of one year next after its rendition, the lien of such judgment becomes subsequent and infe-

rior to the liens of other judgment creditors. (*Lamme v. Schilling*, 25 Kan. 93.) As we understand the contention of the counsel for the defendants in error, it is that this rule does not apply in cases where a personal judgment is rendered in an action to foreclose a lien on specific property that has been charged with the payment of the debt; but we think this question has been settled by our supreme court in the case of *Lisle v. Cheney*, 36 Kan. 578. It is there said that

"the mortgage lien is created solely by the acts of the parties; a judgment lien is the creature of positive law. It exists only by virtue of the authority of the statute, the same power that authorizes the rendition of the judgment. Judgments are not of themselves liens upon property; they are made so by the legislative enactments. When the mortgagor makes default in payment at the time and in the manner specified by the mortgage, and the owner recovers a judgment, the nature of the lien is changed by operation of law from a special one, that results from the contract of the parties, to a general one, that is created by the lawmaking power of the state. The legislature, from an organic necessity, legislates for a class of cases rather than for particular or special ones, and it gives to all judgments of like kind and character the same lien; so that we are unable to see from a consideration of these two sections combined [468, 419, of the code] that legislation has made any exception in case of mortgage liens; they are placed on the same footing as liens in other actions for the recovery of judgments for money."

Hubbard's judgment was rendered May 14, 1889, and those of Thompson and Simonds on October 14, 1891. These judgments became liens on all the real estate owned by E. A. Hallowell in Republic county on the first day of the term of court in which they were respectively rendered. Under section 419 of the code, the lien of Hubbard's judgment would have had

priority had he caused an execution to be issued and levied upon the real estate within one year from the date of its rendition. He failed to do this. Nearly two and one-half years had elapsed .before the other judgments were rendered. Under section 468 of the code, and the decision of our supreme court in *Lamme v. Schilling*, supra, his lien thus became inferior to the lien of .either of the plaintiffs in error, and the court erred in ordering the Hubbard judgment to be first satisfied from the sale of the real estate.

Because of this error the judgment, so far as it relates to priority of the lien of the Hubbard judgment, will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.