Winter v. Dunlap.

---

E. WINTER, *Appellant*, v. THOMAS C. DUNLAP *et al.* (L. P. PHILLIPS, *Appellant*), *Appellees*.

No. 16,971.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Liens—Priority—Time of Levy of Execution.* Where two judgments were rendered against the same person, and no execution was levied within one year upon the land of the judgment debtor under either judgment, the judgment creditor who first caused an execution to be thereafter issued and levied obtained thereby a priority of liens upon the land levied upon, although the judgment of the other creditor was first docketed.

2. ——— *Execution—Joint Judgment Debtor—Judgment Dormant as to One Debtor.* An execution may be issued and levied under a judgment against the property of one or more joint judgment debtors, although the judgment is dormant as to another one of the judgment debtors.

3. ——— *Res Judicata — Title and Ownership — Conveyance Pending Partition—Estate Conveyed.* An owner of land died intestate, leaving a widow and four children. Pending an action for partition, D, one of the children, a defendant in that action, made a conveyance to W, describing the property conveyed as "my . . . one-eighth interest in" the land of the deceased. A judgment was afterward rendered in the par-

tition suit giving to the widow a life estate in the land, and to the four children the remainder in fee. Soon after this judgment had been rendered, a judgment in another action for the recovery of money was rendered against D and became a lien upon his land. It is *held:* (1) That the judgment in the partition suit finally determined that D's interest in the land was one-fourth of the remainder; (2) that D's deed to W conveyed one-half of that interest, being one-eighth of the land, subject to the life estate, leaving D the owner of the other one-eighth, which is subject to the lien of the judgment for money so rendered against him.

Appeal from Greenwood district court. Opinion filed April 8, 1911. Modified.

*Howard J. Hodgson,* and *Gordon A. Badger,* for the appellant.

*D. B. Fuller,* for L. P. Phillips.

*W. S. Marlin,* for Belle Willis.

The opinion of the court was delivered by

BENSON, J.: In this action for partition the plaintiff, E. Winter, and defendants Belle Willis, Harriet M. Snyder and Thomas C. Dunlap were adjudged to be the owners of the land, which was ordered to be partitioned, giving to each one-fourth. A lien for the amount of a judgment in favor of defendant L. P. Phillips was adjudged against the one-fourth interest of the plaintiff. Phillips also asserted a lien under the same judgment upon the share of defendant Belle Willis, but this was refused. The plaintiff appeals from the judgment allowing the lien upon his share, and Phillips appeals from the judgment denying the lien upon the share of Belle Willis.

Four judgments are referred to in this opinion, viz.: The judgment appealed from, referred to as the judgment herein; a judgment in a former action for partition, called the judgment in the widow's suit; a judgment in favor of defendant Phillips, against J. A. Dunlap, and others, called the Phillips judgment; and a

judgment in favor of the plaintiff, Winter, against S. R. Dunlap, referred to as the Winter judgment.

All the parties derive their title and interests from J. E. Dunlap, who died intestate March 4, 1889, the owner of this land, leaving a widow and four children, his heirs at law. On June 24, 1889, the widow commenced an action of partition in the proper court. On July 20, 1889, J. A. Dunlap, one of the sons, a defendant in that action, made a conveyance to M. S. Willis, while that action was pending, conveying an interest in the land in question by the following description: "My undivided one-eighth interest in and to the northeast quarter of section two, township twenty-seven, range ten east, in Greenwood county, Kansas." Defendant Belle Willis has succeeded to the title of her deceased husband, the grantee in this deed. On September 19, 1889, the judgment was rendered in the widow's suit for partition, adjudging to her a life estate in the land, and to the four children of J. E. Dunlap the remainder in fee.

The widow died before this action was begun. On January 8, 1890, the Phillips judgment was rendered against J. A. Dunlap and S. R. Dunlap, sons and heirs of the deceased, and against the administrator of his estate. On that judgment an execution was issued March 11, 1890, and other executions have been issued at dates not more than five years apart. The estate of J. E. Dunlap was settled and the administrator discharged on June 6, 1892. The judgment has not been revived against any representative of the estate.

The plaintiff became the owner of the share or interest of S. R. Dunlap through an execution sale upon the Winter judgment, which became a lien upon that interest on June 20, 1890. Executions were issued on this judgment at intervals of less than five years; the last execution was dated December 9, 1902, under which the sale was made and confirmed. The plaintiff's title is not questioned, but the priority of liens is in dispute. The plaintiff complains of the allowance of the Phillips

judgment as a prior lien, because no levy was ever made under that judgment, although it was the first to be docketed. The statute provides:

"No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of one year next after its rendition, shall operate as a lien on the estate of any debtor, to the prejudice of any other judgment creditor." (Civ. Code, § 462.)

Both judgment creditors failed for more than one year after the rendition of their respective judgments to cause executions to be levied, but the first levy was made under the Winter judgment, and the plaintiff therefore has the priority. (*Bank v. Wyman,* 65 Kan. 314.) The property having been sold under this lien, so secured by the first levy, was discharged of the second lien, or lien of the Phillips judgment. The court therefore erred in holding the Phillips judgment to be a lien upon the share set off to the plaintiff.

The plaintiff also contends that the Phillips judgment, being dormant as against the representative of the estate of J. E. Dunlap, is also dormant as against the joint judgment debtors, and has therefore ceased to be a lien upon their lands, but this claim can not be sustained. (*Richardson v. Painter,* 80 Kan. 574.)

The appeal of defendant Phillips from the judgment herein, giving defendant Willis one-fourth of the land free of the lien of the Phillips judgment, is based upon the proposition that J. A. Dunlap did not convey his entire interest by his deed to Willis. Whatever the parties to the suit brought by the widow may have supposed their respective interests to be, the decision of the court in that action finally determined their interests as stated in the judgment in that suit. J. A. Dunlap, instead of owning one-eighth of the land in fee, owned one-fourth of the remainder, *i. e.,* one-fourth subject to his mother's life estate. If we could suppose that the decree was based upon an error of law contrary to the statute of descents it is still final, for it

stands unchallenged and unreversed, binding parties and privies. Probably that judgment was based upon a prior contract or conveyance between the parties, for error can not be presumed; but, in any event, it determined the interests of the parties, and when J. A. Dunlap made the conveyance of his interest, one-eighth, the title did not pass to one-eighth of the quarter section in fee, but to one-eighth of the remainder, which the four children were decreed to own in common. As his interest was one-fourth of the remainder, it follows that he conveyed away but one-half of it, and when the Phillips judgment was rendered it became a lien on the interest which he had not conveyed, which was the other half of his one-fourth part of the remainder. When the widow died the life estate terminated, and the remainder became a fee. Then J. A. Dunlap owned one-eighth of the land, and his grantee, Willis, the other one-eighth, making up the one-fourth adjudged by the decree, freed from the life estate.

In the judgment herein the court did not give to J. A. Dunlap any interest in the land, but adjudged to Willis one-fourth thereof. Dunlap does not complain of this, but the lien of the Phillips judgment having attached to the interest which he did not convey, remains a lien upon that interest.

The judgment should be modified so as to give to defendant Phillips a lien for the amount of her judgment upon the undivided one-half of the land set apart to defendant Willis, and to the fund arising therefrom if sold under the judgment in partition. It should also be modified by releasing the plaintiff's share of the land, or proceeds thereof if sold, from the lien of the Phillips judgment.

The cause is remanded with directions to modify the judgment in accordance with these views.