## HARRIS v. SOUTHWEST NAT. BANK of DALLAS, TEXAS, et al.

No. 18017.  Opinion Filed Sept. 11, 1928.

Rehearing Denied Nov. 20, 1928.

Sigler & Jackson and Brown, Brown & Williams, for plaintiff in error.

Thompson & Thompson, Potterf, Gray & Poindexter, and Slough & Gibson, for defendants in error.

LEACH, C.  Guy Harris, plaintiff in error here, as plaintiff below, on June 14, 1922, obtained a personal judgment against E. Dunlap; thereafter, an execution was issued on such judgment and certain lands belonging to the judgment debtor were levied upon, sold and bid in by the plaintiff and sheriff's deed issued; thereafter, suit was filed in the district court of Carter county by plaintiff, Guy Harris, to quiet his title to the lands covered and described in the sheriff's deed in his favor.  Southwest National Bank of Dallas, which is a defendant and cross-petitioner in error here, on October 12, 1923, obtained a personal judgment against E. Dunlap, and had an execution issued upon such judgment, and certain of the lands of judgment debtor involved in this action were levied upon and sold under such execution and bid in by the Southwest National Bank and L. Herndon, which sale was confirmed and sheriff's deed issued thereon, and thereafter the Southwest National Bank filed its action in the district court of Carter county to quiet title to the land purchased and bid in by it at such sheriff's sale.

The suits by Southwest National Bank and Guy Harris to quiet title to the lands involved were consolidated and tried as one action.  The trial court found and adjudged that P. C. Garrett, one of the defendants, had and held a mortgage lien against the lands involved, which mortgage was prior and superior to the lien, title and interest of each and all of the parties to the action; that such mortgage lien was prior and superior to the claims of the plaintiffs and other codefendants whose interests were acquired through judgment liens, notwithstanding the mortgage was not recorded until a date subsequent to rendition of the judgments re-

ferred to, and judgment creditors had no notice or knowledge of such mortgage at the date of obtaining their judgments or purchase of the lands at sheriff's sale. The trial court further found and decreed that the First National Bank of Ardmore and Westheimer & Daube had and held a first judgment lien on the lands involved, the First National Bank of Healdton a second judgment lien, First National Bank of Wilson a third judgment lien, Liberty Central Trust Company a fourth judgment lien, Guy Harris, plaintiff, a fifth judgment lien, and Southwest National Bank a sixth judgment lien, and that such judgment creditors each had executions issued yearly on their respective judgments, and under some of t'\e executions levy was made upon _roperty supposed to belong to the judgment debtor, but no levy was made upon the lands involved in this action under any judgment except those in favor of Guy Harris, plaintiff, and Southwest National Bank, and the judgments in favor of other judgment creditors remain unsatisfied. 1ne trial court held that the issuance and levy of an execution under the judgments within one year from the date of each, and the good faith effort of the judgment creditors to collect their judgments, were sufficient to preserve the priority of the judgment liens according to the date of the rendition of each judgment and in order herein above stated, such judgment liens being subject to the mortgage lien of the defendant and cross-petitioner, Percy Garrett.

The trial court directed a sale of the lands involved in payment of the liens in the order of their priority, and directed that the plaintiff, Guy Harris, and the defendants Southwest National Bank and L. C. Herndon might, if they so elect, retain title to the lands purchased and acquired by them at sheriff's sale by the payment of any and all sums due and owing prior lienholders.

The plaintiff, Guy Harris, and Southwest National Bank each filed their motions for a new trial, which were overruled, and Guy Harris brings the cause here on appeal as plaintiff in error, and the Southwest National Bank has filed herein its cross-petition in error. Under the petitions and assignments of error two questions are raised, presented and argued.

The first question raised and argued by the plaintiff in error, Guy Harris, is, in substance: Is a judgment creditor, who becomes the purchaser of real estate at a judicial sale under an execution on a judgment in his favor, without notice of outstanding prior equities, an innocent purchas-

er for value? The question arises by reason of the trial court finding and holding that the unrecorded mortgage of Percy Garrett was a superior lien to that of the judgment creditors and the interest acquired by the certain judgment creditors at sheriff's sale under their executions. The question is not raised or presented in the brief of any of the parties except that of the plaintiff in error, Guy Harris, it being stated in the brief of defendants in error:

"We present no argument upon the question of the priority of the Percy Garrett mortgage for the reason that we understand a compromise of that issue has been agreed upon."

Assuming, however, that the question has not been agreed upon by plaintiff in error, Guy Harris, and still affects his rights, we have considered his brief and argument on the question and the authorities cited.

Plaintiff in error concedes that, under the law of this state and the holding of this court, a judgment lien is subordinate to a valid prior unrecorded mortgage; that a judgment lien only attaches to what the judgment debtor actually owns, and not to what he apparenntly owns, but contends that he as a judgment creditor became an innocent purchaser for value of the lands sold under the execution in his favor because he expended and paid out the sum of approximately $100 as costs of sale, and surrendered and released his judgment and bid in the land without any notice or knowledge of the unrecorded mortgage in favor of the defendant, Percy Garrett; that under the provisions of section 5251, C. O. S. 1921, the third persons therein referred to include purchasers at public as well as private sale, including judgment creditors who purchase at their execution judgment sale.

"The judgment lien contemplated by Rev. Laws 1910, sec. 5148, is a lien only on the actual interests of the judgment debtor, whatever they may be. Therefore, though he appear to have an interest, if he has none in fact, no lien can attach.

"Where real estate is mortgaged by the owner and such mortgage is not recorded, a judgment lien filed subsequent to the execution of such mortgage is subordinate to said mortgage." Oklahoma State Bank of Wapanucka v. Burnett, 65 Okla. 74, 162 Pac. 1124.

The case of Gilbreath v. Smith, 50 Okla. 42, 150 Pac. 719, was an action by the pla'ntiff to set aside sheriff deed to certain real estate sold under execution and bid in by the judgment creditor. The deed under which the plaintiff claimed to deraign his title was executed and delivered prior to

154

the filing of the judgment lien, but not recorded until after sheriff's deed under the execution sale, and it is stated in the body of the opinion as follows:

"At a trial of the cause, the court instructed the jury to find for the plaintiff, which was done, and a decree was thereupon rendered, canceling the sheriff's deed and quieting the title in * * * the * * * plaintiff. Defendants, in their answer, set up the facts substantially as herein stated, claiming that the judgment lien and sale on execution gave them a superior title. * * *"

The action and holding of the trial court in that cause was sustained, and in the syllabus of the case, after stating the facts, this court held:

"That as the title passed from G. prior to the filing of the judgment of the justice of the peace in the district court, G. had no interest to which the lien of such judgment could attach, and that the title of M. was superior to that of B., who purchased at the execution sale."

In the case of Lunn v. Kellison, 66 Okla. 168, 153 Pac. 1136, it appears a levy was made under an execution upon real estate, the title to which appeared in the name of the judgment debtor, but a portion of which had been conveyed by deed prior to rendition of judgment, and the property had been sold at a sheriff's sale. Upon motion to confirm sale, the trial court denied such motion, and upon appeal, this court sustained the lower court and held that the judgment lien attached only to the actual interest of the judgment debtor in the real estate; that though he appeared to have an interest in the lot sold, he had none in fact, and no lien attached to the lot sold. It was also held in that case and in the case of Oklahoma State Bank of Wapanucka v. Burnett, supra, that the "third person" defined by section 1154 Rev. Laws 1910 (5251, C. O. S. 1921), refers to one who is an innocent purchaser for value, or an incumbrancer, and does not in any manner apply to a judgment creditor with a lien.

The plaintiff in error says that the question here raised was not raised or briefed in the case of Lunn v. Kellison, supra. If the holding in that case, as well as others cited therein, is to be sustained, it would appear that the result and holding of the court would be the same whether the question was raised and briefed or not. In the body of the opinion in the Gilbreath v. Smith Case, supra, it is stated that the defendants claimed that the judgment lien and sale on execution gave them a superior title, and apparently the question here raised was considered there.

"The judgment lien contemplated by section 5148, Rev. Laws 1910 (690, C. O. S. 1921), is a lien only on the actual interest of the judgment debtor, whatever that may be." Guaranty State Bank of Okmulgee v. Pratt, 72 Okla. 244, 180 Pac. 376; Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207.

It is argued that section 710, C. O. S. 1921, sustains the contention of plaintiff in error because of that part of the statute wherein it is provided that the sheriff or other officer who sells lands under execution shall make to the purchaser as good and sufficient deed of conveyance of the lands sold as the person or persons against whom such writ of execution was issued could have made of the same, at or any time after they became liable to the judgment; it being argued that the judgment debtor could make a second deed to a second purchaser of the land who would take good title thereto if the first deed had not been recorded or the second purchaser had no notice or knowledge of such former deed. We do not think the statute was enacted with such a case in view, because the latter part of the statute provides:

"The deed shall be sufficient evidence of the legality of such sale, and the proceedings therein, until the contrary be proved, and shall vest in the purchaser as good and as perfect an estate in the premises therein mentioned, as was vested in the party at or after the time when such lands and tenements became liable to the satisfaction of the judgment. * * *"

In the body of the case of McCalla v. Knight Inv. Co. (Kan.) 94 Pac. 126, it is said:

"The trial court rightly held that the sale under execution conveyed only such title as the judgment creditor has in the real estate at the time the judgment lien attaches, and that a judgment creditor is not an innocent purchaser. Harrison & Willis v. Andrews, 18 Kan. 535; Holden v. Garrett, 23 Kan. 98; Bowling v. Garrett, 49 Kan. 504, 518, 31 Pac. 135, 33 Am. St. Rep. 377; Code Civ. Proc. 419 (Gen. St. 1905, 5316)."

Notwithstanding the opinions of other courts and the reasoning therein, whether based upon statutes similar to ours or not, it appears this court is committed to the rule and holding that a sale under execution conveys only such interest as the judgment debtor actually has in the property sold, and that a judgment creditor, purchaser at his judgment sale, does not acquire any greater interest in the property sold than is held by the judgment debtor at the time and date the judgment lien attaches.

The other and second question raised and presented in this appeal by plaintiff in error and cross-petitioner in error involves the interpretation and construction of section 719, C. O. S. 1921. The question to be determined is: Will the issuance of an execution and levy thereunder made within one year from the date of judgment extend or continue the priority of the judgment as against a subsequent judgment on any property except that on which the execution is levied?

In the instant case the trial court stated in its conclusions of law:

"The court concludes that the terms of the law require only that a judgment creditor shall cause an execution to be issued and levied within one year, that in order to preserve the priority of the judgment lien, it is not necessary that the execution be levied upon the particular tract of land in question, that the prior judgment creditors having had executions issued and levied each within one year and having in good faith endeavored to collect their judgments, their priority has been maintained."

The facts are that the judgment in favor of the parties in this action were all more than one year old, with the exception of the judgment in favor of the Southwest National Bank, at the time and date of the levies under which the property involved in this action was levied upon; that yearly an execution had been issued on each of the judgments following the date of rendition of judgment, and, according to the finding of the trial court, the various judgment creditors made diligent effort to enforce and collect their respective judgments.

It is argued by the defendants in error, who were adjudged to hold prior judgment liens to that of the other parties, that any levy, whether upon personal property or otherwise, is sufficent to retain the priority of a judgment lien. No authorities are cited by the defendants in error in support of their argument except the case of Davidson v. Gaston, 16 Minn. 230, which appears to be of little weight in determining the particular question here. it being held in that case that the issuance of an execution, levy upon. and sale of personal property preserves a lien on real estate. Our statute, as well as that of the state of Minnesota, provides where no execution shall have been issued within five years, the property of the judgment debtor shall be discharged from the judgment lien. Plaintiff in error and cross-petitioner in error contend that, in order to maintain the priority of a judgment lien beyond one year, a levy must be made upon the particular property. otherwise. the same may be levied upon by any other judgment creditor and sold free from a judgment rendered more than one year prior to such levy. The question here raised appears to have been determined in but few reported cases. The question does not appear to have been discussed except in the states of Ohio and Kansas; at least, decisions from those jurisdictions are the only ones called to our attention and the only ones we find. The Supreme Court of Ohio, in the early case of Shuee v. Ferguson, 3 Ohio, 136, passed directly upon the question here raised, and construed their statute, sec. 17, Act of 1824, which was the same as our statute 719, supra. In that case the court said:

"In giving a construction to the statute in question, for the purpose of settling the matter in controversy between these parties, the courts have decided the following points:

"1. To take a case out of the operation of section 17 of this act, a levy must have been made on the property in question within a year after the rendition of the judgment. A levy on other property, though within the year, will not save the lien as to the property not levied on.

"2. If there are several judgments, and the property in question has not been levied on within the year under either of them, they stand on an equal footing, and the judgment creditor who first takes out execution and causes a levy to be made, will have the preference."

Other cases from the Ohio court sustaining the rule are: Patton v. Sherry, 2 Ohio, 396; Earnfit v. J. C. Winans, 3 Ohio, 135; Humphreys v. Schlenk, 32 Ohio C. C. 386; Charbonneau v. Roberts, 24 Ohio C. C. 707.

The federal district court, in the case of Pence v. Cochran, 6 Fed. Rep. 269, involving a question arising in Ohio, followed the holding of the Ohio state court, but expressed a doubt as to the correctness of the rule laid down by the state court, but the defect or doubt therein expressed would seem to be cured by the provisions of our statute, section 695, C. O. S. 1921, under which a judgment does not become dormant until expiration of a period of five years without execution. Hoskins v. Peak, 100 Okla. 124, 228 Pac. 478.

The Supreme Court of Kansas does not appear to have had before it for determination the effect of the statute in a case where the judgment creditor had had an execution issue and a levy made, but not upon sufficient property to satisfy the entire judgment. However, it would appear from the statements made in the following cases that it would hold that the execution and levy maintained priority of lien only upon that property levied upon. In the body of the opinion. in the case of Atchison Sav.

Bank v. Wyman (Kan.) 69 Pac. 326, after quoting their statute, which is similar to ours (719, supra), the court said:

"It will be observed that, in order to retain the priority of a judgment lien, the statute requires not only that the execution shall be issued on the judgment, but that it shall be levied on the real estate."

And in the syllabus said:

"Where two judgment creditors have failed for more than one year after the rendition of their judgments to cause executions to issue and be levied upon the land of the judgment debtor, the one of such two who thereafter first issues and levies his execution has priority over the other, who subsequently issues and levies."

Similar holdings and expressions will be found in the following cases from the Kansas court: Thompson v. Hubbard, 44 Pac. 1095; Hunt v. Bowman, 63 Pac. 747; Lamme v. Shilling, 25 Kan. 92; Winter v. Dunlap, 84 Kan. 519, 114 Pac. 1057.

Freeman on Judgments (5th Ed.) vol. 2, sec. 975, referring to priority of judgment liens, says:

"* * * Some statutes require the judgment creditor to have execution issued and entered on the execution docket, or levied within a specified time in order to maintain his standing with respect to other liens, or as against bona fide purchasers. While the lien is not lost by noncompliance with the statute, it is subordinated to a subsequent judgment lien, unless the latter also is in the same situation, in which event the judgment which is first levied obtains a priority. * * *"

The only cases cited in support of the latter part of the above rule are those from Ohio and Kansas, which have hereinbefore been referred to.

It is our opinion and holding that section 719, supra, gives to a judgment creditor a year within which to enforce his judgment, after which time such judgment still remains a lien against the estate of the debtor, but loses its priority as against other subsequent judgments, and the question of the diligence of the judgment creditor to enforce and collect his judgment does not affect such rule. A judgment lien created and limited by a statute cannot be prolonged beyond the period fixed. Nor have the courts any power to extend or give priority of judgments by construction, so as to make exceptions or qualifications to meet the hardships of particular cases. 15 R. C. L. sec. 273, p. 809.

Under our view and interpretation of the statute, the ruling and judgment of the trial court in the instant case was erroneous to the extent of holding certain of the judgments prior to others. None of the defendants in error in the instant case, except Southwest National Bank, who is a cross-petitioner in error, obtained or had any levy made upon any of the real estate involved in this action and their judgments were more than one year old at the time of the levy on the land under the judgment in favor of plaintiff in error and cross-petitioner in error, and therefore they, defendants in error, lost priority of their judgment liens.

The cause is reversed, with directions to grant judgment in favor of plaintiff in error, Guy Harris, and cross-petitioner in error, Southwest National Bank, quieting their title to the lands purchased at sheriff's sale as against the judgments of the other judgment creditors, but subject to the mortgage lien of Percy Garrett, and that the court proceed in accordance with the views herein expressed.

TEEHEE, REID, FOSTER, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.