## STREETER v. ANDERSON.

No. 24399. March 19, 1935.

Rehearing Denied April 16, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1935.

Maris & Maris and W. R. Withington, for plaintiff in error.

R. O. Wilson, for defendant in error.

PER CURIAM. On December 10, 1928, the state of Oklahoma, on relation of the Bank Commissioner, recovered a judgment in the district court of Kay county against David Allison in cause No. 12849. Thereafter, and on the 18th day of February, 1929, an execution was issued on said judgment directed to the sheriff of Kay county, and by virtue of said execution said sheriff levied upon certain real estate located in Kay county, Okla., and sold said real estate as the property of David Allison. At the sheriff's sale the defendant in error, H. B. Anderson, purchased the interest of the judgment debtor, David Allison, in said real estate. This sale was thereafter, on the 8th day of April, 1929, confirmed by the district court of Kay county, in said cause No. 12849, and a sheriff's deed was thereafter, and on the 2nd day of May, 1929, executed and delivered by the sheriff of Kay county to the purchaser at said sale, H. B. Anderson, defendant in error herein, which deed conveyed to Anderson all of the estate, right, title, and interest of the judgment debtor, David Allison, in and to the real estate which had been levied on under said execution.

At about the same time that the state of Oklahoma, on relation of the Bank Commissioner, instituted its action to recover a money judgment against David Allison, it also instituted another action in the district court of Kay county against the said David Allison, A. L. Streeter, plaintiff in error herein, and others, in which cause No. 12848, the state of Oklahoma, on relation of its Bank Commissioner, sought to vacate and annul certain conveyances from Allison, through which the present plaintiff in error, A. L. Streeter, had obtained record title to the land sold by the sheriff of Kay county, under the execution against David Allison. Judgment was rendered in cause No. 12848, the suit to vacate conveyances, in favor of the Bank Commissioner, and against the plaintiff in error in this case, A. L. Streeter, prior to the date the

execution hereinbefore referred to was levied. The judgment of the district court of Kay county against Streeter canceling the conveyances through which he obtained the record title was appealed to this court, and that judgment was reversed and remanded for new trial. See Streeter v. State ex rel. Shull, 154 Okla. 160, 7 P. (2d) 936.

Thereafter, and on July 19, 1932, the district court of Kay county, upon retrial of said cause No. 12848 pursuant to the mandate of this court, rendered judgment therein in favor of the plaintiff in error in this case, A. L. Streeter, and against the Bank Commissioner, in which judgment Streeter was decreed to be the owner of the legal title in and to the real estate which had been sold at sheriff's sale as the property of David Allison.

On the 22nd day of August, 1932, the defendant in error, H. B. Anderson, filed his motion in cause No. 12849 to set aside the sheriff's sale, the order confirming the sale of real estate, and the sheriff's deed, all of which proceedings were had pursuant to and under the execution issued against David Allison in 1929.

On August 24, 1932, with permission of court, the plaintiff in error, A. L. Streeter, filed his motion in said cause No. 12849, in which he requested that the motion of the defendant in error, H. B. Anderson, be denied; that Anderson be required to pay into court an alleged balance claimed by Streeter to be due on Anderson's bid, and that the amount of the purchase price which had theretofore been paid into court by Anderson, and which had been held in the meantime by the Bank Commissioner, be paid over to Streeter as the owner of the land. In connection with said motion Streeter tendered deeds conveying title to the premises that had been sold as the property of David Allison to the purchaser at the sheriff's sale, H. B. Anderson, the defendant in error.

Neither Anderson, the purchaser, nor Streeter, who was afterward decreed to be the owner of the land which had been levied on under the execution issued against David Allison, was originally a party to the action which has now been appealed to this court. Both of them appeared in this action through the motions above referred to. In fact, the sole plaintiff in error in this case is A. L. Streeter, and the sole defendant in error designated in the petition in error is the purchaser at the execution sale, H. B. Anderson, although the

case-made was served on the original parties to this action.

The motion of the purchaser, Anderson, and the motion of the present owner of said land, A. L. Streeter, were heard by the district court of Kay county, Okla., and on the 7th day of October, 1932, judgment was rendered herein sustaining Anderson's motion to set aside the sheriff's sale, the order of confirmation, and the sheriff's deed, and directing the Bank Commissioner to return to Anderson the purchase money that he had paid to the sheriff of Kay county at the time of the execution sale in 1929, which said money was still undisposed of in the hands of the Bank Commissioner, and denying and overruling the motion of plaintiff in error, A. L. Streeter. From this judgment A. L. Streeter, as plaintiff in error, has appealed to this court, assigning various errors on account of which said Streeter contends that the action of the district court of Kay county in sustaining Anderson's motion to vacate the execution sale and the proceedings in connection therewith, and the action of the court in refusing to sustain Streeter's motion to compel Anderson to complete the sale and pay the purchase price to Streeter, were erroneous.

The Bank Commissioner has not appealed, and his rights, in connection with the sale held in 1929, are not before this court for review.

It is well established by the decisions of this court that a judgment creditor who purchases real estate at an execution sale acquires only such interest in the real estate as the judgment debtor actually owned. Such purchaser does not acquire any greater interest in the property sold than is held by the judgment debtor at the time and date the judgment lien attaches. Harris v. Southwest National Bank of Dallas, 133 Okla. 152, 271 P. 683. Therefore, when Anderson purchased the real estate in controversy at the sheriff's sale in 1929, which sale was held pursuant to an execution issued against David Allison and levied upon this real estate, Anderson acquired no right, title or interest in this real estate other than the interest therein actually owned by David Allison. This was all the sheriff could or did sell and this was all Anderson could or did buy. Streeter's right, title and interest in said property, which it later developed was the entire legal estate, was not purchased by Anderson and no sale of Streeter's interest therein was or could have been made by the sheriff under the execu-

tion which he levied on said property because the execution was an execution against the judgment debtor, David Allison, and the levy of the execution attached only to David Allison's interest in the property. No sale of Streeter's interest in said real estate having been made by the sheriff, Streeter had no legal right to demand that the district court of Kay county, Okla., should make a sale of his title to Anderson at the price which Anderson had bid for Allison's title in said property more than three years prior to the date that Streeter filed his motion in the district court of Kay county, Okla., asking the court to require the defendant in error, Anderson, to complete his purchase, and ask'ng the court to require the amount bid by Anderson to be paid to the plaintiff in error, Streeter, for a conveyance from Streeter to Anderson of the title to said property. No such sale had been made and the district court of Kay county, Okla., had no legal right or authority to make any such contract or attempt to enforce any such sale of Streeter's interest in said property against the defendant in error, H. B. Anderson. It, therefore, follows that, under the undisputed facts in this case, the judgment of the district court of Kay county, Okla., in denying Streeter's motion, wherein he requested the court to enforce the sheriff's sale for his benefit, was right and proper, and such action was not error.

Streeter, however, also complains of the action of the district court of Kay county, Okla., in vacating the sale and setting aside the sheriff's deed. He contends that the original sale was not void, and that even if it were, Anderson is barred by the statute of limitations, estoppel and laches from attacking the validity of said sale more than three years after the sale had been made, confirmed and consummated by the delivery of sheriff's deed to Anderson.

The theory upon which the trial court rendered its decision appears to have been based on the contention of Anderson that certain alleged irregularities in the appraisement and sale rendered the sale void. In his brief Streeter insists that the trial court erred in holding the sale void on these grounds. This phase of the case has been extensively briefed by both parties, but under our view of the law applicable to this case it is unnecessary to discuss same.

The motion of Streeter, among other things, alleged:

"That he not only claims to have been the owner of said land which was sold under execution in this cause upon which the said H. B. Anderson made his bid, but has been decreed by the judgment of this court in case No. 12848 to have held the title to said property at the time same was sold upon execution in this cause, and for said reason he is entitled to the amount of the execution sale price."

At the hearing on the motions in the trial court, Streeter introduced evidence showing the foregoing facts. Counsel for Anderson in making his opening statement said, "It is a contention of the movant, Anderson, that Streeter has no standing in the court in this case." Anderson interposed a demurrer to the evidence of Streeter on the grounds that same does not show facts to constitute a cause of action or to warrant or entitle Streeter to any affirmative relief against Anderson in this case. This demurrer was overruled and Anderson excepted. At the close of all the testimony, Anderson again demurred to the evidence of Streeter on the same grounds as above set out, which demurrer was overruled and the ruling excepted to. Anderson objected to the introduction of any evidence on behalf of Streeter on the same and other grounds, including the ground that Streeter's motion does not state facts sufficient to constitute a cause of action.

The facts, as herein set forth, were pleaded by Streeter, proven by the testimony introduced by Streeter and were covered by the findings of fact by the trial court. The trial court held the sale void on account of noncompliance with the statute with reference to appraisal and sale, and in addition held that to sustain the sale would be to force a sale of property to Anderson over his protest. Regardless of the reasons given by the court for his decision, the result, for the reasons we have above stated, was correct and will not be disturbed. See 4 C. J. 908, 1131, 1132, 1168; 4 R. C. L. 189.

The decree of the district court of Kay county sustaining the purchaser's motion to set aside the execution sale, the order of confirmation and the sheriff's deed, did not affect any substantial right of the plaintiff in error, Streeter. In fact, it gave to Streeter upon the motion of the purchaser the very relief which Streeter had a legal right to obtain.

Streeter, having been adjudged to be the owner of the legal title to the real estate which had been sold as the property of

David Allison under an execution issued against David Allison, was entitled to all the benefits of his ownership of said real estate. Had he instituted an action against the purchaser at the sheriff's sale to quiet his title and to vacate the sheriff's deed as a cloud upon his title, for the reason that the purchaser at the sheriff's sale acquired no interest in said real estate because the jurgment debtor, David Allison, owned no interest therein, he would have been entitled to have the deed canceled. The district court of Kay county by its judgment in this case upon the motion of the purchaser has granted that relief. Streeter cannot complain of a judgment which in no manner prejudicially affects his substantial rights, and it is consequently unnecessary for us to determine whether or not the action of the district court of Kay county in sustaining the motion of the defendant in error, Anderson, to vacate the execution sale, and the sheriff's deed issued pursuant thereto, was or was not erroneous. Streeter cannot complain of the court's action in this respect, because the error, if any, so far as he was concerned, is harmless.

This court has many times announced that errors or irregularities which do not affect the substantial rights of the party complaining will be disregarded on appeal. First National Bank of Ardmore v. Fidelity National Bank of Oklahoma City, 130 Okla. 164, 265 P. 1071.

In the case of Swan, Adm'x, v. Home Savings & State Bank, 148 Okla. 42, 297 P. 250, this court said:

"It is necessary, in order to maintain an appeal or writ of error, that the appellant shall be injuriously affected or aggrieved by the judgment, order, or decree complained of: therefore, one cannot appeal from a decision, however erroneous, which does not affect his substantial rights."

This court, in Heggem v. Kilpatrick, 133 Okla. 145, 271 P. 643, quoted with approval the following rule with reference to harmless error as stated in 4 C. J. 908:

"'It is a rule of appellate procedure of universal application that a party cannot assign as error that which is not prejudicial to him. In every stage of action, the reviewing court must disregard error which does not affect the substantial rights of the party complaining.'

"'Appellate courts, it is said, have inherent power to decide that an error was harmless, and to refuse to disturb a judgment because of it when they believe that a proper judgment has been rendered.'"

See section 252, O. S. 1931.

It is also a generally accepted rule that where the unsuccessful party is not entitled to succeed in any event, he cannot complain of any error committed at the trial. 4 C. J. p. 909.

A copy of the supersedeas bond in this case, signed by A. L. Streeter, as principal, and J. G. Galanter, as surety, is set out in the record, and attorney for defendant in error in his brief requests that judgment on said supersedeas bond be rendered in this court in the event said cause is affirmed.

For the reasons herein set forth, the judgment and order of the district court of Kay county, Okla., is affirmed, and judgment is entered in this court in favor of of defendant in error, H. B. Anderson, against A. L. Streeter and J. G. Galanter on the supersedeas bond herein for interest upon the sum impounded from the date of judgment appealed from at the legal rate of interest, to wit, for interest at the rate of six per cent. per annum on the sum of $4,088.85 from October 7, 1932, plus the costs of these proceedings.

The Supreme Court acknowledges the aid of Attorneys A. M. Widdows, A. B. Honnold, and C. H. Rosenstein in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Widdows and approved by Mr. Honnold and Mr. Rosenstein, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY,, BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.