**D. D. BALDWIN, doing business as Baldwin Construction Company, Plaintiff in Error,**

**v.**

**Alice M. COLLINS, Defendant in Error.**

**No. 42640.**

Supreme Court of Oklahoma.

Nov. 10, 1970.

Rehearing Denied Jan. 26, 1971.

Harry Brown and Lee Gill, Oklahoma City, for plaintiff in error.

Robert H. Sherman, Tom S. Williams, Oklahoma City, for defendant in error.

McINERNEY, Justice:

This is the second appeal in this case. The trial judgment has been previously affirmed by this Court in Collins v. Baldwin, Okl., 405 P.2d 74 (1965), which we refer to for the factual background to this controversy.

The appeal this time arises from the confirmation of the judicial sale and derives primarily from the fact that the two opposing sides of attorneys in the trial court, unable to agree in their drafted journal entries of judgment as to what the trial court actually decided, each succeeded in procuring the trial judge, on different days in 1963, to sign *both* their journal entries; actually, both judgments are virtually identical, except that the "Baldwin" journal entry, signed and filed first, contained a stay of execution clause for Mrs. Collins' adjudicated amount pending a final determination of Mr. Baldwin's rights under an accounting, whereas the "Collins" judgment contained no such stay order.

After the 1965 affirmance by this Court —wherein our attention was not called to the existence of the two conflicting judgments that had been signed and filed in the record—the case went back to the trial court. Mrs. Collins then commenced execution on "her" judgment, and Baldwin, relying on the stay provision in "his" judgment (since apparently the final accounting has never been completed), brings this appeal from the trial court's overruling of his motion to quash confirmation of Mrs. Collins' sheriff's sale (under "her" judgment).

The question of which of two journal entries is correct should never be an issue on appeal. Simple courtesy between attorneys and minimal respect for the trial judge should preclude the existence of such an issue. Had the judgment been "approved as to form" by both attorneys this complaint would not have arisen. Adequate opportunity is afforded the parties to settle a journal entry of judgment for the signature of the judge on notice and hearing in the absence of agreement. The existence of two journal entries of judgment in this case, differing in vital respect, is thoroughly disapproved. [In fairness to the present attorneys, they were not involved in the proceedings herein condemned.]

■ Be that as it may, the record in this appeal reflects that an evidentiary hearing was conducted after execution before the same trial judge as to which journal entry filed more truly represented the *court's* judgment. Upon the evidence and testimony offered, and obviously upon the judge's own faculties of recollection, the trial court found that the journal entry *without* the stay of execution clause represented the *court's* judgment. We see no basis for disturbing that finding, and we accordingly affirm that portion of the present proceedings.

■ Baldwin's alternative substantive arguments all involve the contention that even in the absence of an express stay order in the "true" judgment, one should be deemed as implied therein in view of its bilateral nature and its provision for Bald-

win's rights to be determined by an accounting at some future time. This argument is untenable in view of the *five years* that Mrs. Collins has awaited satisfaction of her judgment since it was affirmed, all "pending" Baldwin's final accounting.

The inordinate delay by Baldwin in prosecuting his claim should not operate to defeat or delay execution by Mrs. Collins. Baldwin may still seek his accounting as requested in his petition filed in *1960* even after promulgation of this opinion. But he should certainly now exercise a greater degree of diligence than displayed in the past. Rule 9, Rules for the District Courts, Title 12, Chapter 2, Appendix, effective January 1, 1962. Under the circumstances, however, application of Rule 9 should now be viewed only prospectively from the adoption of this opinion.

■ Baldwin's own default in the determination and accounting of his rights under the judgment also disposes of a couple of other points raised by him. These are the appraisement, and levy, upon his *undetermined* interest in the res (i. e., motel) of the resulting partnership between him and Mrs. Collins. Upon examination of the judgment in this case, it appears that his interest in the motel was only *to become,* and *at most,* one-fourth therein, and the accounting was to determine, inter alia, whether he had in fact made such sufficient contractual contributions to capital as to actually entitle him to that one-fourth interest, and hence to a like proportion of the profits, if any. But from the record it appears that his interest in the motel *was* appraised at the *full* one-fourth value, and confirmed on that basis. Therefore, Baldwin's interest was certainly not under-appraised, but was, if anything, over-appraised, and the prejudice, if any, runs not against Baldwin but against Mrs. Collins, who appears to have waived same in the interest of expediting the execution and collection of her portion of the judgment. We find, therefore, that Baldwin has no standing to complain of any injury herein from the asserted fallacious appraisal and

levy upon his undetermined interest. Streeter v. Anderson, 172 Okl. 113, 43 P.2d 53 (1935).

■ Baldwin's brief also argues that it was error for the trial court to allow execution upon his ultimate interest in the partnership's property (i. e., the motel) rather than upon his immediate interest in the actual partnership itself, citing 54 O.S. 1961, § 225(2) (c), though he appears in his reply brief to partially withdraw this argument; and he further advances the related argument that the partnership property (the motel) should have been first applied to the partners' (as partners') claims first, before being divided up and sold piecemeal to satisfy any independent claim against any one of the specific partners, citing 54 O.S.1961, § 238. Assuming arguendo that these allegations of error may contain some merit, it is clear that they are more properly directed not to the execution but to the judgment itself, rendered in 1963, and never appealed from *by Baldwin* (but indeed, affirmed by this Court in *Mrs. Collins'* previous appeal herein). That 1963 judgment, however arguably erroneous, is now final and the contents thereof therefore *res judicata* between the parties; and its terms cannot now be collaterally attacked under the guise—as in this instant appeal—of challenging the execution sale. Wright v. Craig, 184 Okl. 371, 87 P.2d 317, Syl. 1 (1939). Since it is the confirmation of sale rather than the judgment itself that is presently before us in this appeal, we therefore decline to consider the assertions that the judgment itself might be ordering execution upon the "wrong" property. We hold that the terms of the 1963 judgment herein, including the adjudication of the lien upon the motel— affirmed by this Court in 1965—are final and are not open to further question now or in the future, for the reasons above stated.

■ Baldwin argues that the appraisal valued his interest in the motel at $70,000, and since only $12,500 was bid at the sheriff's sale, it was error to confirm the sale.

However, the obvious, common-sense import of the documents filed in the record clearly indicates that it was the *motel* that was appraised at $70,000, wherefor *his* one-fourth interest's valuation, as stated in the sheriff's return, would be $17,500. We find no error in the trial court's conclusion that $12,500 is properly in excess of two-thirds of $17,500. Baldwin argues further on this question of valuation that one-fourth of a $70,000 motel business may, when severed, be worth considerably less than one-fourth of the value for the integrated, "going" business. We may agree, but we are at a loss to understand how this error might conceivably have injured Baldwin, for it could only have resulted in an *over*-valuation of his property. A party on appeal cannot assign as error that which is not prejudicial to him. 12 O.S.1961, § 78; Streeter, .supra.

 Regarding Baldwin's other allegations of procedural or technical defects in the execution and sale proper, we note from the record that at the hearing of September 15, 1966, Baldwin's counsel orally stipulated as to the regularity of the sale, and also to Baldwin's having been personally present at the sale, with his counsel. We therefore deem it unnecessary to consider these assignments of error relating to the actual mechanics of the sale.

 We also feel that Baldwin's remaining objections may likewise be disposed of briefly. Regarding his complaint that Mrs. Collins' judgment was for a lien, whereas the execution was general in form, we merely note from the judgment itself that the trial court awarded Mrs. Collins *both* a personal judgment against Baldwin for $15,828.50, *and* declared a lien in her favor for that amount on Baldwin's interest in the property. The personal judgment portion was, of course, properly leviable by general execution; and in any event, the execution complained of was nevertheless still against the very property declared subject to the lien, making this asserted error clearly non-prejudicial.

The complaint that the value of Baldwin's interest was "chilled" by the forced execution merely recites a universal "fact of life" regarding judicial sales in general. As previously stated, however, the sale in fact brought somewhat more than two-thirds of the appraised valuation of his maximum one-fourth interest; and anything over that two-thirds legal minimum will sustain confirmation. 12 O.S.1961, §§ 762, 765.

 Finally, Baldwin insists that allowance of costs and interest was improper since recovery therefor is not specified in the judgment. Costs and interest are recoverable by statute whether set out in the judgment or not. 12 O.S.1961, § 928; 15 O.S.1961, § 274.

Affirmed.

All Justices concur.