The FEDERAL LAND BANK OF WICH-ITA, Wichita, Kansas, a federally chartered corporation, Appellee,

v.

Jay R. HAGUE and Kay Hague, husband and wife, J. Lawrence Hague and Velma P. Hague, husband and wife, Defendants,

v.

FARMERS STATE BANK, Offerle, Kansas, Appellant,

v.

J. Lawrence HAGUE, Defendant.

No. 71035.

Court of Appeals of Oklahoma, Division No. 4.

June 5, 1990.

Rehearing Denied July 23, 1990.

Certiorari Denied Oct. 9, 1990.

David C. Butler, Crowley, Butler, Pickens & Martin, Enid, for appellee.

Peter M. Keltch, Cherokee, for appellant.

## OPINION

STUBBLEFIELD, Judge.

This is an appeal from judgment entered in three consolidated cases in which the trial court determined priority of judgment liens and ordered the distribution of the proceeds from a sale of land by sheriff's sale. After a review of the record and applicable law, we affirm.

The facts are essentially undisputed. In case No. C–86–56, on April 9, 1986, Plain-tiff Farmers State Bank obtained an in personam judgment against Defendant J. Lawrence Hague in an action on a promissory note and on a dishonored check. It recorded a certified copy of the judgment with the county clerk on that same date. In case No. C–85–107, Plaintiff Federal Land Bank obtained a foreclosure judgment against J. Lawrence Hague on May 22, 1986, and a deficiency "judgment" on October 21, 1986, the latter being filed with the county clerk on October 22, 1986. In case No. C–85–30, Plaintiff Federal Land Bank obtained a judgment in foreclosure on August 11, 1986, and after special execution and sheriff's sale, a deficiency judgment was obtained on March 10, 1987, and recorded with the county clerk on May 18, 1987. In each of the three cases, general execution was issued and delivered to the Sheriff of Alfalfa County on January 15, 1988.

The sheriff held the Farmers State Bank sale on February 23, 1988, at which time Farmers State Bank purchased the judgment debtor's interest in Alfalfa County property—a devise from his parents which was at that time the subject of probate proceedings. On March 1, 1988, Farmers State Bank filed to have the sheriff's sale confirmed. On March 2, 1988, a sheriff's sale of the same interest in the Alfalfa County property was held on writs of execution entered in Federal Land Bank's two actions. On March 18, 1988, claiming it had a valid and prior lien on the property pursuant to 12 O.S.1981 § 801, Federal Land Bank filed an objection to the confirmation of sheriff's sale pursuant to Farmers State Bank's writ of general execution. Federal Land Bank also sought a determination of lien priority or, in the alternative, an order of apportionment of the proceeds of the sheriff's sale. On that same date, the trial court entered an order confirming Farmers State Bank's sheriff's sale, a deed was issued to Farmers State Bank, and the amount paid for the property was ordered held by the court until a determination of the priority of liens had been made.

After a hearing on April 20, 1988, the trial court found:

Federal Land Bank of Wichita, in its Case No. C 85–30, issued execution and

levied upon the property within one year of its judgment in said case, and that [12 O.S.1981 § 801] thus controls, giving to Federal Land Bank of Wichita in Case. No. C 85–30, a priority lien upon the property of the judgment debtor, J. Lawrence Hague, which was executed upon and sold herein, and that consequently all proceeds of sale up to the amount of said judgment should be paid first to the Federal Land Bank of Wichita, and it is so ORDERED, ADJUDGED AND DECREED.

It is from this judgment that Farmers State Bank appeals.

Farmers State Bank sets forth four propositions of error. However, one issue is dispositive.

■ The question for resolution is whether a deficiency judgment obtained pursuant to 12 O.S.1981 § 686, after a foreclosure sale, constitutes a "judgment" within the meaning of 12 O.S.1981 § 801, such that Federal Land Bank perfected a valid lien having priority over Farmers State Bank's liens based upon a judgment that was not executed and levied upon within one year from rendition. We find that it does.

We held in *Mehojah v. Moore*, 744 P.2d 222, 226 (Okla.Ct.App.1987) (approved for publication by supreme court), that "the provisions of 12 O.S.1981 § 686, in [no] way restrict[s] the [12 O.S.1981 §] 706 lien procedures in foreclosure lawsuits," and concluded that there can be but one judgment in an action. Likewise, we must also conclude that the judgment referred to by the legislature in 12 O.S.1981 § 801, as it pertains to foreclosures, includes a deficiency judgment.

Title 12 O.S.1981 § 801, in pertinent part provides:

No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of one (1) year next after its rendition, shall operate as a lien on the estate of any debtor, to the prejudice of any other judgment creditor.

Unquestionably, there was no execution and levy based upon the Farmers State Bank's judgment within one year,[1] and that judgment ceased to be a "lien ... to the prejudice of any other judgment creditor." Section 801. However, in case No. C–85–30, wherein Federal Land Bank was the judgment creditor, an execution and levy was had before one year expired *from the date of filing the deficiency judgment.* We conclude that this preserved the lien and that, therefore, the trial court's judgment was correct.

■ The determination must center upon the legislative intent. Although we do not recede one bit from the underlying rationale supporting our pronouncement in *Mehojah*, we also recognize that the legislature is free to designate the event that would start the running of a period of limitations. It is clear that the start of the one-year period set forth in section 801, in the case of foreclosure judgments, is the

---

**1.** Farmers State Bank had, in case No. C–86–56, caused an execution to be issued and placed in the custody of the sheriff for levy. However, it was returned with the indication that no property had been found.

In *Harris v. Southwest National Bank of Dallas, Texas*, 133 Okla. 152, 155, 271 P. 683, 685 (1928) (per curiam), the court addressed the issue: "Will the issuance of an execution and levy thereunder made within one year from the date of judgment extend or continue the priority of the judgment as against a subsequent judgment on any property except that on which the execution is levied?" The *Harris* court was presented with multiple judgment creditors, yearly executions had been issued on each of the judgments, and "the various judgment creditors made diligent effort to enforce and collect their respective judgments." *Id.* The *Harris* court stated:

It is our opinion and holding that section [801] ... gives to a judgment creditor a year within which to enforce his judgment, after which time such judgment still remains a lien against the estate of the debtor, but loses its priority as against other subsequent judgments, and the question of the diligence of the judgment creditor to enforce and collect his judgment does not affect such rule.

*Id.* at 156, 271 P. at 686. Thus, the court held that "issuance and return of an execution within one year from date of rendition of judgment without an *actual levy* under such execution does not preserve priority of the judgment lien as specified in [12 O.S.1981 § 801], beyond the period of one year from its date." (Syllabus 2) (emphasis added).

rendition of a deficiency judgment. That is clearly so, because 12 O.S.1981 § 686, prohibits general execution until such an order is entered and it would be an absurdity to interpret section 801 to allow the extinguishment of a lien because it had not been executed upon, when it could not have been levied upon. It is clear that the legislature in promulgating section 801 intended judgment creditors to execute upon their judgment to maintain their lien status as against other lien creditors. However, in foreclosure actions, the legislature had also prohibited execution until the entry of the deficiency order, and in construing the statutes together it can only be concluded that, in the case of foreclosure, the legislature intended the deficiency order to be the "judgment" initiating the section 801 one-year period.

Farmers State Bank makes a compelling argument regarding the inequity of Federal Land Bank's last judgment "leapfrogging" into priority over all earlier judgments, including its first-filed judgment. Farmers State Bank claims that this result can be avoided by a finding that 12 O.S. 1981 § 706, effective October 1, 1978, has impliedly repealed pro tanto 12 O.S.1981 § 801, and the related statutes, 12 O.S.1981 §§ 737 and 771, all three of which had been enacted in 1910. However, we cannot reach such a conclusion. There is no conflict in any of those statutes with the newer legislative enactments in section 706. We particularly see no legislative intent to recede from the requirement that a judgment creditor must execute and levy within one year in order to maintain lien priority over other judgment creditors.

While it seems that the judgment and execution statutes are ripe for legislative overhaul, there is no basis for this court to attempt such lawmaking in this action.

The judgment of the trial court is affirmed.

REIF, J., concurs.

BRIGHTMIRE, C.J., concurs in result.