AETNA FINANCE COMPANY d/b/a
ITT Financial Services a/k/a ITT
Financial Services, Inc., Appellee,

v.

Pat SCHMITZ, Appellant.

No. 75673.

Supreme Court of Oklahoma.

March 30, 1993.

Mark W. Kuehling, Lamun, Mock, Feath-
erly, Kuehling & Cunnyngham, Oklahoma
City, for appellee.

J. Robert Blakeburn, Oklahoma City, for
appellant.

SUMMERS, Justice.

We have granted certiorari to recon-
cile conflicting opinions between divisions
of the Court of Appeals. At issue is
whether a judgment creditor's failure to
issue execution within one year subordinat-
ed its earlier judgment to one that was
granted to another creditor later in time.
We rule that 12 O.S.1991 § 801 did so
operate as to place the first judgment in a

second position behind the subsequent creditor, and thus affirm the trial court.

Here are the essential facts: Holzbaugh owned a piece of land. In 1985 Schmitz recovered judgment against Holzbaugh, and properly filed his judgment of record, but never executed on that judgment. In 1987 a release was filed purporting to release the Schmitz judgment, but Schmitz claims he never authorized the release. In 1988 the Holzbaughs executed their note and mortgage on the property to Aetna Finance Company. In March, 1989, Aetna sued on the note and to foreclose the mortgage, joining Schmitz as a defendant. Schmitz answered by alleging that the release of its judgment was unauthorized, and that its judgment remained as a lien ahead of Aetna's mortgage.

The trial court gave Aetna judgment on the note and in foreclosure against Holzbaugh, and ordered sale of the property. The amount bid at the sheriff's sale was insufficient to satisfy both the Schmitz judgment and the Aetna debt. The Court confirmed the sale but reserved ruling on the competing priorities, and ordered the sale proceeds into escrow pending that determination.

Whereupon, Aetna moved for summary judgment on a single issue: that Schmitz had failed to execute and levy on the property within one year of getting his judgment, and therefore lost priority under 12 O.S.1991 § 801. The trial court agreed and entered judgment for Aetna. Schmitz appealed. The Court of Appeals, Division I, reversed and remanded, finding that § 801 did not apply, and that factual differences remained with regard to the alleged Schmitz release.

The crucial statute reads in pertinent part as follows:

> No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of one (1) year next after its rendition, shall operate as a lien on any estate or any debtor, to the prejudice of any other judgment creditor. 12 O.S.1991 § 801

The Court of Appeals concluded that Aetna here was not a judgment creditor so as to get the benefit of § 801, and did not disturb the priorities. But Aetna points out in its petition for certiorari that there is a published opinion of the Court of Appeals to the contrary. Indeed, in *Federal Land Bank of Wichita v. Hague*, 798 P.2d 641, 643 (Okla.App.1990) (cert. denied), Division IV held that a deficiency judgment obtained after a foreclosure sale constitutes a judgment within the meaning of § 801 so as to give it priority over an earlier but unexecuted judgment. Thus the case is properly before us on certiorari. Rules on Practice and Procedure in the Court of Appeals, Rule 3.13 A(3).

In *Harris v. Southwest National Bank of Dallas*, 133 Okl. 152, 271 Pac. 683 (1928) we analyzed the statute. In that case there were numerous judgment creditors, and various executions had been issued and returned. The Court said at 686:

> It is our opinion and holding that § 719 [predecessor of § 801] gives to a judgment creditor a year within which to enforce his judgment, *after which time such judgment still remains a lien against the estate of the debtor, but loses its priority as against other subsequent judgments*, and question of the diligence of the judgment creditor to enforce and collect his judgment does not affect such rule. (Emphasis added.)

The Court went on to hold that execution within a year from judgment without actual levy did not preserve priority as against a subsequent judgment creditor. *Id.* 271 Pac. at 686, 687.

██ Under the law of *Harris* it is clear that Schmitz, who neither executed nor levied on the land within one year to enforce his judgment, has lost his priority as to later judgment creditors. Does Aetna qualify as such a judgment creditor? In Aetna's suit for foreclosure an execution and order of sale has been directed to issue, and the Sheriff was directed to levy upon and sell the described property. Those things have taken place as ordered and the Sheriff's sale has been confirmed.

We conclude that Aetna is indeed a judgment creditor who by virtue of § 801 has moved ahead of Schmitz, due to Schmitz's inactivity in protecting or collecting his judgment. Aetna became a judgment creditor for the purpose of § 801 as to the property foreclosed when the court rendered the judgment of foreclosure, i.e., the order determining the amount due on the mortgage and ordering the sale to satisfy the mortgage lien. *Federal Deposit Ins. Corp. v. Tidwell*, 820 P.2d 1338, 1341 (Okla.1991).

■ We note that § 801 in no way extinguishes Schmitz's judgment lien; it merely repositions it for enforceability. Aetna makes a collateral argument that Schmitz's judgment lien may have become dormant under 12 O.S.1991 § 735.[1] We do not reach that issue, nor Schmitz's contention that his alleged release was not authorized. The latter question has not been briefed and Holzbaugh seeks no relief on appeal. The only issue in need of resolution in this certiorari proceeding is the one of priority, and it is controlled by our reading of § 801. The District Court's order by which it resolved the priority of liens in favor of Aetna is affirmed, the opinion of the Court of Appeals, Division I, is vacated, and the cause is remanded to the District Court for those matters remaining to be done.

HODGES, C.J., LAVENDER, V.C.J., SIMMS, HARGRAVE, OPALA, KAUGER and WATT, JJ., concur.

ALMA WILSON, J., concurs in part, dissents in part.

---

1. 12 O.S.1991 § 735.

   If execution is not issued and filed as provided in Section 759 of this title or a garnishment summons is not issued by the court clerk within five (5) years after the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five (5) years has intervened between the date that the last execution on such judgment was filed or the date that the last garnishment summons was issued as provided by Section 759 of this title, and the date that writ of execution was filed or a garnishment summons was issued as also provided in Section 759 of this title, such judgment shall become unenforceable and of no effect, and shall cease to operate as a lien on the real estate of the judgment debtor. Provided, that this section shall not apply to judgments against municipalities.