No. 36,552

JOHN R. SLOAN, *Appellee*, v. ELIZA SHERIDAN, *Appellant*.

(168 P. 2d 545)

Opinion filed May 4, 1946.

*Joe T. Rogers,* of Wichita, was on the briefs for the appellant.

*John Madden, Jr.,* and *W. Jay Esco,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: Plaintiff, a real-estate broker, filed an action in the city court of Wichita against R. E. Sheridan and Eliza Sheridan for a real-estate commission in the sum of $750, with interest, alleged to be due him. After hearing the evidence and considering the matter the court, on May 19, 1945, rendered judgment as follows:

"Defendant's demurrer to the evidence of the plaintiff is overruled and judgment is rendered for the plaintiff against the defendants, R. E. Sheridan and Eliza Sheridan in the sum of $729.67, together with costs."

On May 25 R. E. Sheridan filed his notice of appeal in the city court (G. S. 1935, 61-1001) and gave bond to secure the costs of the appeal (G. S. 1935, 61-1002), and also gave a separate bond in the sum of $1,600 to stay execution (G. S. 1935, 61-1003a). These instruments are regular and no question is made of their sufficiency. This was given docket No. A-15025 in the district court.

On August 4, 1945, plaintiff caused a transcript of the judgment from the city court to be filed in the district court. This was given

docket No. A-15679. Plaintiff caused execution to be issued on the judgment against Eliza Sheridan, directed to the sheriff of Elk county, to be levied upon certain of her property. On August 11, 1945, R. E. Sheridan filed a motion in docket No. A-15025 which advised the court that in the preparation and filing of the notice of appeal the name of Eliza Sheridan was omitted; that plaintiff's cause of action was a joint cause against both defendants, R. E. Sheridan and Eliza Sheridan; "that it was the intention of both defendants to appeal but through error and misrepresentation the name of Eliza Sheridan was not inserted." The record does not show that the "error and misrepresentation" was particularized in any motion, or in the evidence, neither is it referred to in the briefs. On the same day and in the same number R. E. Sheridan filed a motion to stay or quash the execution issued in the transcript No. A-15679. The abstract recites that by agreement of the parties the motion to stay or quash execution was treated as having been filed in both numbers.

The court's journal entry, set out in the abstract, recites that on August 7, 1945, "this matter comes on for hearing on the defendant, Eliza Sheridan's motion to amend notice of appeal from the city court of Wichita, . . . and appeal bond, and stay of execution appeal bond from the city court of Wichita, . . . to the district court"; that the hearing was continued to August 14 and again to the next day, when it was further argued and taken under advisement, and that on August 18 the court announced its decision, overruling all of defendant's motions, and upon defendant's request giving defendant three days to post a supersedeas bond in the sum of $1,750, which bond was given and approved. Eliza Sheridan alone has appealed to this court, having filed her notice of appeal in each of the docket numbers.

Counsel for appellant submit as the first question to be determined, "Was the notice of appeal and cost bond sufficient?" He frankly states that the name "Eliza Sheridan" was not used either directly or by implication in the notice of appeal, or in either of the bonds given by R. E. Sheridan. As previously stated, the notice of appeal of R. E. Sheridan and the two bonds given by him conformed to our statute relating thereto, and no contention is now made by appellee that they did not do so.

Appellant next contends that the appeal by R. E. Sheridan took the case from the city court to the district court for both of the de-

fendants notwithstanding the fact that the name of Eliza Sheridan did not appear in the notice of appeal or bond, either directly or by inference. This position cannot be sustained. A similar question was presented, although it arose on a motion of appellee to dismiss the appeal, in *Peoples State Bank v. Hoisington Mercantile Ass'n,* 118 Kan. 61, 234 Pac. 71. There plaintiff had recovered a personal judgment upon notes against fourteen defendants, only nine of whom had appealed. It was argued the appeal should be dismissed for that reason. The court denied that contention and in the opinion said:

"If some of the litigants whose interests are not adverse to the appellants are content with the measure of justice accorded them by the trial court, their nonappearance in the supreme court will not stay its hands to grant appropriate relief to those who invoke its jurisdiction." (p. 67.)

It is well settled in this state that a judgment such as that rendered in the city court in this action was the joint and several obligation of each of the defendants. In *Richardson v. Painter,* 80 Kan. 574, 102 Pac. 1099, it was held:

"A personal judgment against two defendants is a joint and several obligation, which the plaintiff may enforce against either of them at his option." (Syl. ¶ 1.)

In the opinion the earlier cases of *Read v. Jeffries,* 16 Kan. 534, and *Stout v. Baker, Sheriff,* 32 Kan. 113, 4 Pac. 141, to the same effect are cited, and the holding has been specifically followed in *Winter v. Dunlap,* 84 Kan. 519, 522, 114 Pac. 1057, and *Achorn v. Parker,* 145 Kan. 854, 857, 67 P. 2d 561, and cited in support of the text to the same effect in 33 C. J. 1126 and 34 C. J. 661. Indeed, any other holding would be a surprise to the bench and bar of the state.

Under these authorities Eliza Sheridan was jointly and severally bound by the judgment of the city court. She had a right under the statute to appeal from the judgment, or she had the right to exercise her option and not appeal. Why she did not appeal becomes immaterial, since the reason stated in the motion of R. E. Sheridan of error and misrepresentation was not elaborated or attempted to be sustained in the trial court and is not pressed here. We express no view as to what should be the result if that had been done.

Also, under the above authorities, since Eliza Sheridan did not appeal from the judgment against her in the city court the plaintiff was authorized to endeavor to collect the judgment from her.

We have examined the cases cited by appellant from other jurisdictions and find them inapplicable.

The result is that the judgment of the trial court must be affirmed. It is so ordered.