(631 P.2d 1233)
No. 51,945

BERNARD J. BRUECK, *et al.*, and KANSAS SAVINGS AND LOAN ASSOCIATION, *Appellants and Cross-Appellees,* and JAMES and MARGARET CURRENS, *et al., Plaintiffs-Intervenors,* v. T. R. KRINGS, *et al., Defendants,* and PEAT, MARWICK, MITCHELL & CO., *Appellee and Cross-Appellants.*

Opinion filed July 24, 1981.

*Randolph G. Willis* and *Thomas E. Ruzicka,* of Gardner, Davis, Kreamer, Norton, Hubbard & Ruzicka, of Olathe, for the appellants and cross-appellees.

*Edward M. Boddington, Jr.,* of Boddington & Brown, of Kansas City, Kansas, and *George E. Feldmiller,* of Stinson, Mag & Frizzell, of Kansas City, Missouri, for the appellee and cross-appellant.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: This suit is one of many filed as a result of the collapse of Kansas Savings and Loan Association in the summer of 1977. Over 12,000 depositors were affected by the demise of the Association and this impact was compounded by the lack of any state or federal insurance to guarantee the depositors' accounts.

On August 2, 1977, four named plaintiff depositors filed a class action petition on behalf of all of the Association depositors against multiple defendants including the Association and its officers and directors. The plaintiffs sought $72,000,000 in actual damages, $150,000,000 in punitive damages and reasonable attorney fees. After the initial petition was filed, Kansas Savings

and Loan was reorganized under the name of Century Savings and a trustee was appointed. In order for the reorganized institution to obtain FSLIC insurance on accounts, the depositors agreed to waive their claims against the Association. As a result of this waiver, a unified petition was filed on April 20, 1978, realigning the Association as a plaintiff. In the meantime, discovery on the class action issues was conducted and a certification hearing was held. On June 2, 1978, the court certified the suit as a class action under K.S.A. 60-223(b)(1).

Over 19 months after the original petition was filed, the plaintiff depositors and the Association joined Peat, Marwick, Mitchell & Company (Peat, Marwick), a firm which had audited the Association in 1971, 1972 and 1973, as a defendant. An amended unified petition was filed charging Peat, Marwick with various breaches of duty in the conduct of the audits. Peat, Marwick responded with a motion to dismiss alleging laches, improper joinder and failure to state a claim.

At the same time, there was an attempt to initiate discovery against Peat, Marwick on behalf of a purported "plaintiff class." Peat, Marwick resisted on the grounds that no such class existed on the claims being asserted against it. Plaintiff depositors filed a motion to compel discovery but the district court held that because Peat, Marwick was not a party at the time the class was certified, it was not bound by the earlier class action certification. The court then set December 13, 1979, for a hearing on the class action certification issue with respect to the claims asserted against Peat, Marwick. In the interim, however, on November 28, 1979, the court heard argument on Peat, Marwick's motion to dismiss the claims against it. Because of the likelihood of the motion being sustained, the district court cancelled the previously scheduled class certification hearing and stayed class action discovery pending a ruling on the motion to dismiss.

On January 15, 1980, the court issued a memorandum decision dismissing all claims as to Peat, Marwick. The court held that the applicable statute of limitations barred plaintiffs' claims against Peat, Marwick and judgment was entered pursuant to K.S.A. 60-254(b). This appeal was then taken from the grant of the motion to dismiss.

On March 10, 1980, defendant Peat, Marwick moved to dismiss this appeal contending that the court lacked jurisdiction because

the notice of appeal was defective. This motion was denied with leave to renew the issue in a brief on the merits. In renewing its motion, defendant contends that the notice of appeal fails to confer jurisdiction upon this court because (1) the "plaintiff class" named as an appealing party in the notice does not exist with reference to this defendant and (2) the attorneys signing the notice were not authorized by Kansas Savings and Loan Association (now Century Savings Association) to bring an appeal.

The notice of appeal states:

"Notice is hereby given that the plaintiff class and plaintiff Kansas Savings and Loan Association appeal from that part of the District Court's Memorandum Decision dated January 15, 1980, which granted defendant Peat, Marwick, Mitchell & Company's motion to dismiss to the Court of Appeals of the State of Kansas."

The notice is signed by Thomas E. Ruzicka and Randolph G. Willis on behalf of their law firm, and a Kansas City, Missouri, firm is indicated as being "of counsel." There is no indication that signing counsel are attorneys for any particular party. The inference from this omission, if one can be drawn, is that they are attorneys for both parties taking the appeal.

Initially, defendant contends that there is no such party as the "plaintiff class." We agree.

Our class action statute, K.S.A. 1980 Supp. 60-223, is patterned after Fed. R. of Civ. P. 23 and decisions of the federal courts interpreting that rule are traditionally followed in this jurisdiction. *Steele v. Security Benefit Life Ins. Co.,* 226 Kan. 631, 636, 602 P.2d 1305 (1979). Rule 23 and K.S.A. 1980 Supp. 60-223 require a determination of whether a class may be certified "[a]s soon as practicable" after the commencement of the action. In its November 15, 1979, journal entry the trial court found that "the certification of this case as a class action does not apply to defendant Peat, Marwick." The trial court then set a hearing on the propriety of certification of the claims asserted against Peat, Marwick by the alleged plaintiff class for December 13, 1979. The fact that this certification hearing never took place is reflected in the trial court's memorandum decision dated January 15, 1980. There the court said: "The matter is a class action which has heretofore been certified a class action as to all defendants, *excepting defendant Peat, Marwick & Mitchell.*" (Emphasis supplied.) Therefore, regardless of the reference in the notice of

appeal, no "plaintiff class" was certified as to defendant Peat, Marwick at the time that this appeal was taken.

Absent class certification, a final decision is not binding on a class; therefore, an appeal from a decision on the merits without prior class certification will be treated as an appeal by the named plaintiffs only and not as a class action. *Pharo v. Smith,* 621 F.2d 656 (5th Cir. 1980); *Shirley v. Chestnut,* 603 F.2d 805 (10th Cir. 1979); *Roberts v. American Airlines, Inc.,* 526 F.2d 757 (7th Cir. 1975), *cert. denied* 425 U.S. 951 (1976). Here, however, the only parties named in the notice of appeal were the nonexistent plaintiff class and Kansas Savings and Loan Association.

K.S.A. 60-2103(*b*) provides in part:

"The notice of appeal *shall specify the parties taking the appeal;* shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken." (Emphasis supplied.)

Appellants contend that this statute should not be strictly applied to bar their appeal. However, appellate jurisdiction is conferred by statute and in the absence of compliance with statutory rules, an appeal should be dismissed. *Brown v. Brown,* 218 Kan. 34, Syl. ¶ 1, 542 P.2d 332 (1975). Thus, for example, an untimely notice of appeal will compel dismissal. *Giles v. Russell,* 222 Kan. 629, 632, 567 P.2d 845 (1977). Moreover, in *Sloan v. Sheridan,* 161 Kan. 425, 426-27, 168 P.2d 545 (1946), our Supreme Court rejected the argument that a party who was not named in the notice of appeal, either directly or by inference, could still be regarded as an appellant. The federal courts have similarly ruled, noting that only the parties named in the notice of appeal are brought within the appellate court's jurisdiction. *Cook and Sons Equipment, Inc. v. Killen,* 277 F.2d 607 (9th Cir. 1960). Furthermore, the taking of an appeal by a nonexistent party is not harmless error. *Penwell v. Newland,* 180 F.2d 551 (9th Cir. 1950). Because the "plaintiff class" was not certified it did not exist and could not take an appeal. We therefore conclude that unless this appeal was properly filed by the other party named in the notice of appeal, this court is without jurisdiction.

We now turn to defendant's claim that the Kansas Savings and Loan Association (now Century Savings Association) did not authorize an appeal in this case and may not be regarded as a proper party on appeal.

Our examination of the record indicates that Peat, Marwick was

added as a defendant on February 16, 1979, and that subsequent to that date, Kansas Savings and Loan Association/Century Savings was represented by Donald R. Hoffman. At the October 23, 1979, hearing, Mr. Hoffman made the following statements:

"MR. HOFFMAN: While we are all together, my name is Donald Hoffman. I represent Century Savings.

"THE COURT: Who?

"MR. HOFFMAN: For benefit of all counsel, Century is still in this as a defendant on some counterclaims that were filed. I would appreciate being supplied with all the pleadings and materials to make sure that I am on the service list because I think that I am not at the present time. I am getting your material, yes, sir (indicating to Mr. Feldmiller)."

Other incidents which directly or indirectly relate to the representation of KSLA can be summarized as follows: At the December 7, 1979, hearing Mr. Roger Hendrix stated that Mr. Hoffman still represented Kansas Savings and Loan/Century Savings, and Mr. Hutton, who was the trustee in this matter. Mr. Hutton informed this court by letter (filed October 17, 1980) that the Association was not asserting any claim against Peat, Marwick, Mitchell & Company and that "no such appeal was authorized by Kansas Savings and Loan Association or Century Savings." The letter further stated that KSLA had agreed to cooperate with the individual plaintiffs and their counsel, but had not "retained said lawyers to represent it in this appeal and no appeal on its behalf was authorized." Subsequently, in response to an order of this court dated November 6, 1980, Mr. Hoffman, as attorney for Century Savings, filed a resolution of a special Board of Directors meeting held on April 7, 1981. The resolution gives general authority to Donald R. Hoffman, Thomas E. Ruzicka and Randolph G. Willis to represent the interests of the Association and to argue on its behalf in the *pending* appeal. However, we fail to find that any specific authority was given to initiate an appeal on behalf of KSLA. Therefore, we conclude that KSLA did not authorize the purported appeal and may not be considered a proper party in this appeal.

For the reasons set forth above, the appeal is dismissed for lack of jurisdiction.