No. 60,877

JACOB ANDERSON, *Appellant,* v. RANDY SCHEFFLER, *et al.,*
*Appellees.*

(752 P.2d 667)

Opinion filed
March 25, 1988.

*William H. Pickett,* of William H. Pickett, P.C., of Kansas City, Missouri,
argued the cause, and *Catherine A. Donnelly,* of the same firm, *Michael E.
Callen,* of Callen, Sexton & Shelor, of Kansas City, Kansas, and *Nicholas L.
Swischer,* of Nevada, Missouri, were with him on the brief for appellants.

*James E. Switzer,* of Payne & Jones, Chartered, of Overland Park, argued the
cause and *Bruce Keplinger* and *Donald R. Whitney,* of the same firm, were with
him on the brief for appellees.

The opinion of the court was delivered by

HERD, J.: This is a personal injury action. Jacob Anderson
appeals the granting of summary judgment by the Wyandotte
District Court in favor of Randy Scheffler and Industrial Bearing
and Transmission Company, Inc.

The relevant facts are: On February 2, 1984, Jacob Anderson,
19, was helping his brother James deliver a load of ground
poultry meal to a plant owned and operated by Badger By-Prod-

ucts Company in Wyandotte County, Kansas. Jacob backed his 18-wheel truck to the entrance of an enclosed unloading area so the bottom of the hopper trailer was above the plant's pit in which an auger was located. After insuring that the poultry meal was flowing through the bottom of the trailer into the auger pit, Jacob climbed out of the hopper trailer and walked toward a low wall to hang his jacket. The only way to get across was to walk across the grate over the auger pit. While attempting to do so, Jacob stepped through an opening between the parallel bars and his left foot and leg plunged downward into the auger. His leg was severed above the knee. James heard Jacob's screams and ran over to find Jacob bleeding profusely at the point where his leg had been amputated.

Jacob, a Missouri resident, filed suit against Badger By-Products Company in the district court of Wyandotte County, Kansas, on March 5, 1984. Badger By-Products, as a division of Beatrice Companies, Inc., (Beatrice) a Delaware corporation with its principal place of business in Illinois, successfully petitioned for removal of the case to the United States District Court for the District of Kansas on March 29, 1984. Jacob moved the United States District Court on December 17, 1984, to remand the case to state court, which motion was denied on March 12, 1985.

On May 1, 1985, Jacob moved to amend his petition to join four additional defendants: Beatrice, because it was inherently liable; Conveyors, Inc., a Texas corporation which manufactured the auger; Arthur J. Gallagher & Co., a Delaware corporation which supervised attempts to eliminate hazardous conditions on the premises of Badger By-Products; and finally, Industrial Bearing and Transmission Company, Inc., (IBT) a Missouri corporation which sold and delivered the auger to Badger By-Products. No attempt was made to add IBT employee Randy Scheffler to the federal court action.

On that same date, James, also a Missouri resident, intervened in the federal action to assert claims for infliction of emotional distress. James' claims were subsequently dismissed by summary judgment on May 14, 1986.

On June 13, 1985, Jacob again moved that the case be remanded to state court for the reason that the addition of IBT as a party defendant would destroy diversity jurisdiction. On June

20, 1985, the court granted Jacob's previous motion to add additional defendants, but did not include IBT because the addition of another Missouri corporation would destroy diversity jurisdiction. On July 11, 1985, the court denied Jacob's motion to remand, stating that because it had denied the addition of IBT, diversity jurisdiction was not destroyed and there was thus no reason for a remand to state court.

Jacob made no further effort to remand the case to state court. Instead, he filed a second action in the district court of Wyandotte County on January 31, 1986, naming IBT and Randy Scheffler as defendants. Scheffler had accepted the order from Badger By-Products for the auger involved in the accident; IBT had ordered the auger from Conveyors, Inc. Jacob was joined in his petition by his brother James, who asserted a claim for negligent infliction of emotional distress.

A pretrial order was issued pursuant to a pretrial conference by the United States District Court on April 16, 1986. The order stated it was stipulated that "there is no objection to venue, jurisdiction, or propriety of parties." Neither Jacob nor the named defendants made any allegation of fault on the part of IBT or Scheffler.

On December 11, 1986, Jacob and James entered into a settlement agreement with Conveyors, Inc., for the amount of $24,000. The agreement stated it was "expressly understood and agreed that the undersigned preserve all rights and remedies they may have against all other parties, specifically Randy Scheffler and International Bearing and Transmission Company, Inc., to the Occurrence and do not release said parties by the execution of this Release and Settlement Agreement."

The Wyandotte District Court granted a motion for summary judgment filed by IBT and Scheffler on James' claim for emotional distress on December 29, 1986. James did not file a notice of appeal.

On February 2, 1987, three years to the day from the accident, Jacob entered into a settlement agreement with Beatrice under which he released all parties except IBT and Scheffler. The agreement further stated, "Contemporaneously with the execution of this Settlement agreement, the parties stipulate and agree to dismiss with prejudice case number 84-2142-S entitled *Jacob*

*Anderson v. Beatrice Companies, Inc.,* pending in the United States District Court for the District of Kansas, said dismissal to be at defendant Beatrice's cost." Defendants Scheffler and IBT state in their brief that the case was subsequently dismissed by the court. We find no such order in the record.

The Wyandotte District Court granted the motions of IBT and Scheffler for summary judgment on the claims of Jacob. Jacob filed a notice of appeal on May 13, 1987.

The two preliminary issues on appeal are whether the Wyandotte District Court erred in entering summary judgment for IBT and Scheffler on the issue of negligent infliction of emotional distress and whether we have jurisdiction to consider any appeal from the grant of summary judgment against James Anderson.

James Anderson did not witness the accident which took his brother's leg but was immediately on the scene and saw the gruesome consequences. He suffered shock, emotional pain, and feelings of guilt because of the accident, but no actual physical injury. He had recurring nightmares and visited a doctor for depression. The court correctly granted summary judgment under Kansas' limited recovery rules for negligent infliction of emotional distress. There may be no recovery in Kansas for emotional distress unless that distress results in "physical impact": an actual physical injury to the plaintiff. *Hoard v. Shawnee Mission Medical Center,* 233 Kan. 267, 662 P.2d 1214 (1983). Generalized physical symptoms of emotional distress such as headaches and insomnia are insufficient to state a cause of action. *Hopkins v. State,* 237 Kan. 601, 612-13, 702 P.2d 311 (1985). We pursue this issue no further and go directly to the jurisdictional question, which controls.

The notice of appeal from the Wyandotte County District Court was filed May 13, 1987. The heading of the notice reads, *"Jacob Anderson, Plaintiff, vs. Randy Scheffler, et al., Defendants."* The appeal goes on to state:

"Notice is hereby given that plaintiff Jacob Anderson appeals from the memorandum decision filed April 21, 1987, in this cause, wherein defendant's motion for summary judgment was sustained and plaintiff's case was dismissed on all issues therein . . . ."

The appeal neither names nor refers to James, nor does the April 21, 1987, memorandum decision appealed from affect or

refer to James. Jacob Anderson obviously has no standing to assert his brother's appeal.

K.S.A. 60-2103(b) states: "The notice of appeal shall specify the parties taking the appeal." This court is without jurisdiction to hear the arguments of a party who was not named either directly or by inference in the notice of appeal. See *Sloan v. Sheridan*, 161 Kan. 425, 426-27, 168 P.2d 545 (1946). In *Brueck v. Krings*, 6 Kan. App. 2d 622, 631 P.2d 1233 (1981), the Court of Appeals dismissed an appeal taken on behalf of a class which was not certified. We reversed the Court of Appeals in *Brueck v. Krings*, 230 Kan. 466, 467, 638 P.2d 904 (1982), and permitted the appeal to proceed, but only as to those persons in the class who were actually named.

We lack jurisdiction here because the dismissal of the emotional distress claim was not appealed within thirty days from the entry of judgment as provided by K.S.A. 60-2103(a). James Anderson's suit was dismissed by motion for summary judgment in the district court of Wyandotte County on December 29, 1986. No appeal followed. Even if we were to consider Jacob Anderson's appeal of May 13, 1987, to include James Anderson's claim, such an appeal is over four months late. The filing of a timely notice of appeal is jurisdictional, requiring dismissal except where excusable neglect or unique circumstances are found. *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988); *Szoboszlay v. Glessner*, 233 Kan. 475, 476, 664 P.2d 1327 (1983). The exceptions are not present in this case.

This court also lacks jurisdiction because the notice of appeal does not specify that James is appealing his December 29, 1986, summary judgment. K.S.A. 60-2103(b) states: "The notice of appeal shall . . . designate the judgment or part thereof appealed from." Appellate review is limited to those rulings which are specified in the notice of appeal. *Carrick v. McFadden*, 216 Kan. 683, 690, 533 P.2d 1249 (1975). Because no appeal was filed by James, we are without jurisdiction to entertain any appeal from the summary judgment granted against him. This issue is without merit.

The primary issue in this appeal is whether, under the principles of comparative fault, a plaintiff may settle and dismiss with prejudice a negligence action in federal district court and then

pursue a second action in state court against additional parties for damages arising out of a single occurrence.

The Wyandotte District Court, in its memorandum opinion, respected this court's consistent rulings that all comparative negligence must be determined in one action. The court rejected appellant's argument that comparative negligence rules do not apply when there has been no trial on the merits. The court noted that were this argument to prevail, a plaintiff could settle one case, file a new case against an additional defendant, settle that case, file a new case against an additional defendant, etc., in violation of the intent of the Kansas Comparative Negligence Act, which seeks to avoid prejudice to the defendants and have comparative fault determined in one just, economical, and final action. The court noted appellant was not forced to settle the federal litigation in lieu of trial on the merits.

In *Teepak, Inc. v. Learned,* 237 Kan. 320, 699 P.2d 35 (1985), the plaintiff filed suit against two corporations, but not against his doctor. One of the corporations, Teepak, filed a third-party complaint against the doctor. After the corporations settled with the plaintiff and the case was dismissed, Teepak sought post-settlement contribution from the doctor in a separate action. This court held, because Teepak under K.S.A. 60-258a could have forced the determination of the doctor's proportionate liability and chose not to do so, the principle that all liability be settled in one claim kept Teepak from asserting its claim in a later action. As in the present case, there was no determination of comparative fault by judge or jury; only a settlement and dismissal, which we found enough to bar future suits.

Appellant distinguishes the present case from *Teepak,* noting there is no indication in *Teepak* that the settling parties attempted to reserve the right of suit against additional parties.

On the issue of reserving the right to sue, the district court cited our language in *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 374, 634 P.2d 1127 (1981), that "those not joined as parties *or for determination of fault* escape liability" in holding that appellant's nonassertion of any negligence against IBT or Scheffler in the federal action, despite his failure or inability to join them, precluded him from attempting to recover from them in state litigation. The court noted there is

nothing in the federal rules which would have precluded appellant from asserting IBT and Scheffler's negligence despite his failure and inability to join them as named party defendants. The court cited *Hefley v. Textron, Inc.*, 713 F.2d 1487 (10th Cir. 1983), which ruled that under K.S.A. 60-258a a defendant has the right to have the fault of all participants in an accident determined in one action, whether or not they are all joined as parties. The court found a plaintiff must be required to name all parties for comparison purposes even if they cannot be joined if he is to retain the right to claim damages from the non-joined parties in the future. A plaintiff would often otherwise be reluctant to allege fault against several defendants for fear of ultimately reducing the amount of damages he might recover from one "deep pocket" defendant.

The court then held, because a pretrial order controls the future course of litigation, and the pretrial order contained no allegations of negligence against IBT or Scheffler, appellant was estopped from alleging negligence against IBT and Scheffler in a state court action. The court did not accept appellant's argument that, had the federal litigation gone to trial, he would have moved the court to modify the pretrial order to allow the comparison of fault of IBT and Scheffler, reasoning that the case had been pending for almost three years before settlement without amendment of pleadings or a motion being filed asking for comparison of IBT and Scheffler.

Appellant insists on appeal it was his intention to ask for a modification of the pretrial order in order to compare the fault of IBT and Scheffler. He attaches an affidavit, sworn on February 2, 1987, the date of the settlement agreement, from an attorney for Beatrice which states the parties were in agreement that the pretrial order should be modified so that the fault of IBT (Scheffler is not mentioned) could be compared.

IBT and Scheffler argue it does not matter whether their fault was compared, or meant to be compared, in the federal action. Since they are not named defendants, they argue, such action could have only decreased appellant's recovery, as appellant could not recover a proportionate share of his damages from *them*.

In *Greenwood v. McDonough Power Equipment Inc.*, 437 F.

Supp. 707 (D. Kan. 1977), a plaintiff brought suit in federal court against the manufacturer of a lawn mower. The manufacturer moved to join, as additional defendants to the action, the owner and the operator of the lawn mower which had injured plaintiff. The motion was denied because the addition of these parties would destroy federal diversity jurisdiction. The court found the nonparties' comparative negligence could still be determined in the action, however. It held the plaintiff, by choosing to file in federal court, bore the risk that nonparties from which he could collect would be found to have caused a large percentage of the total damage.

Appellant, in the case at bar, however, did not voluntarily accept the risk of nonjoinder by selecting the federal forum. We stated in *Eurich v. Alkire*, 224 Kan. 236, 238, 579 P.2d 1207 (1978):

"[A]ll persons who are named as parties and who are properly served with summonses are bound by the percentage determination of causal negligence. *Because the statute contemplates that each party has a right to cross-claim against any or all other parties to a lawsuit,* we hold that any party who fails to assert a claim against any other party in a comparative negligence action is forever barred. A corollary rule naturally follows that a person who has not been made a party to a comparative negligence case should not be bound by a judgment therein, even though his causal negligence may have been determined." (Emphasis supplied.)

The *Eurich* holding is based on the feasibility, under Kansas law, of joining all parties. It is inapplicable in circumstances where that foundation is absent.

We reach in the present case the problem anticipated in *Albertson*, wherein we noted federal diversity rules prohibit claims against nondiverse parties, but do not prohibit a second suit in state court against the nondiverse parties. 230 Kan. at 373-74. We refused to rule on this issue in *Albertson* because it was outside the question certified in the case. In *Albertson*, the plaintiff attempted to sue a party in federal court which he could have joined in a previous action in state court. Under those circumstances, we held all parties to an injury must have their fault determined in one action, and those not joined in the action may not be sued in a second action. In *Albertson*, the plaintiff *chose* not to join Volkswagen in the state court action for strategic reasons. In the instant case it was the defendants who removed

the action to federal court for strategic reasons. Appellant tried to remand the case to state court. This case squarely presents the diversity issue which we refused to decide in *Albertson*. We hold that where a plaintiff is prevented from joining a necessary party in federal court because of loss of diversity, as in this case, the action against that party survives in state court as an exception to the rule in *Albertson*.

This case must also be controlled by *Mathis v. TG&Y*, 242 Kan. 789, 751 P.2d 136 (1988). In *Mathis,* the plaintiff sued TG&Y, the tenant, for personal injuries caused by a defective door. While that action was pending, the plaintiff filed another suit for the same injuries from the same accident against Vernon Jacobs, the landlord, and Cheney Door Co., the maintainer of the door, in the same jurisdiction. TG&Y was afforded no notice of the second action. The action against Vernon Jacobs and Cheney Door Co. was dismissed by the court with prejudice. The trial court then dismissed the action against TG&Y following *Albertson,* 230 Kan. 368, and *Teepak,* 237 Kan. 320. In each of the foregoing cases we held all parties to an action must be joined in the same action and that resolution of the issues binds all the parties. In spite of the precedent, we held in *Mathis* by a divided court that a dismissal with prejudice binds only the parties dismissed in the absence of a determination of comparative fault.

The arguments and authorities in the case at bar concerning the question of whether res judicata, collateral estoppel, or comparative fault rules apply when a case has been dismissed without a determination of comparative fault are identical to those set out in *Mathis*. There are, however, two differences between the cases on this question. In the present case, the settlement agreements specifically attempted to retain the right to bring suit against IBT and Scheffler. A more important difference is that the plaintiff in *Mathis* was in entire control of his suit and made the decision to sue different defendants in different actions. Here, appellant did everything he could to preserve his lawsuit against IBT and Scheffler. He moved to amend his petition to include IBT. He moved to remand the case to state court. In each instance his motions were overruled. Finally, appellant attempted to preserve his action against IBT and Scheffler by specifically excepting them from his releases.

Despite the differences between the two cases, however, the instant case, although decided as an exception to the *Albertson* rule, also falls under the broader rule expressed in *Mathis*. There has not yet been a comparison of fault at trial.

The judgment of the trial court is reversed on the issue of the dismissal of Jacob Anderson's action against IBT and Randy Scheffler and the case is remanded for further proceedings.