No. 112,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON A. MAJORS,
*Appellant*,

v.

GARY HILLEBRAND, STATE OF KANSAS/DEPARTMENT OF TRANSPORTATION, AND MIKE
KING, SECRETARY OF TRANSPORTATION,
*Appellees.*

SYLLABUS BY THE COURT

1.

A plaintiff cannot recover for emotional distress caused by the defendant's negligence unless that emotional distress is accompanied by or results in physical injury to the plaintiff. The qualifying physical injury must directly result from the emotional distress allegedly caused by the defendant's negligence and must appear within a short span of time after the emotional disturbance.

2.

Generalized physical symptoms of emotional distress such as those associated with post-traumatic stress disorder are insufficient to state a cause of action for negligent infliction of emotional distress.

Appeal from Shawnee District Court; LARRY D. HENDRICKS, judge. Opinion filed June 12, 2015. Affirmed.

*Michael E. Riling*, of Riling, Burkhead, & Nitcher, Chartered, of Lawrence, for appellant.

*Jenifer W. Svancara*, of Law Offices of Donald B. Balfour, of Overland Park, for appellees.

1

Before MALONE, C.J., ARNOLD-BURGER and GARDNER, JJ.

GARDNER, J.: In this appeal from a summary judgment ruling, Jason Majors challenges the district court's decision on his negligent infliction of emotional distress claim. The court granted summary judgment in defendants' favor because the parties agreed that Majors did not suffer a physical injury, as Kansas law clearly requires. We decline Majors' invitation to overturn the physical injury rule, choosing to abide by the doctrine of stare decisis.

Plaintiff's petition alleged that Gary T. Hillebrand, an employee of the State of Kansas Department of Transportation acting within the scope of his employment, negligently caused an automobile collision with the car Majors was driving. Hillebrand was later dismissed as a defendant to this action. The remaining defendants, collectively referred to as KDOT, denied liability for Majors' alleged injuries and moved for summary judgment.

The parties do not take issue with the uncontroverted facts found by the district court. On June 23, 2011, a collision occurred between the car Majors was driving and the 72,500-pound truck Hillebrand was driving. Majors' 6-year-old daughter, Hailey, was in his car's back seat on the passenger side. Just before the collision, Majors saw the snow bar attachment on Hillebrand's truck coming toward his car, then saw it break through his windshield and the windows on his car's passenger side. Majors' car sustained major damage on the passenger side as a result. Immediately after the collision, Majors saw his daughter, who had suffered extensive head injuries. He believed she was dead because her scalp was pushed back, she was bleeding, and she was not breathing. After Majors pulled her from the car she began to respond.

After the collision, Majors experienced anxiety, fear, and nightmares. Majors alleged that he suffered damages as a result of the trauma of seeing his daughter after the

2

collision and thinking she was dead, including anxiety, post-traumatic stress disorder (PTSD), sleeping disorder, and hypertension, which preclude him from working. But Majors admits the following:  (1) he did not have any injuries from the collision that required him to go to the emergency room or hospital; (2) he was not bleeding from the collision; (3) he was not physically injured in the collision; (4) he did not receive any medical treatment for injuries sustained in the collision until he sought counseling 1 year later; and (5) he did not have any visible signs of injury to any parts of his body immediately after the collision.

Majors began having nightmares the night after the collision occurred. His other symptoms arose several months later but he did not seek treatment for them until 1 year after the collision. It is undisputed that Majors was not physically injured during the collision, and Majors did not present any evidence tending to show that he was physically injured as a result of his emotional distress in the aftermath of the collision once he became symptomatic several months later.

A behavioral health counselor diagnosed Majors with PTSD. He opined that the PTSD had been caused by the collision and that it would take Majors 3 to 5 years of treatment until he could work again. Majors also saw Dr. George Athey, Jr., a psychologist who evaluated Majors over the course of a day-and-a-half. Among other matters, he found:  (1) Majors suffers from PTSD that is specifically in response to the car accident and seeing Hailey injured; (2) Majors is not falsifying or exaggerating the difficulty of his experience; (3) Majors is not unmotivated or lacking the capacity to benefit from treatment, which is expected to take 3 to 5 years; and (4) Majors' functional limitations are a direct result of his PTSD.

The district court found:  (1) Majors did not suffer any physical injury; (2) Majors suffers from PTSD but neither PTSD nor its symptoms constitutes a physical injury under Kansas caselaw; (3) Kansas precedent requires the plaintiff to show that he or she

3

suffered from a qualifying physical injury before he can succeed on a claim of negligent infliction of emotional distress; and (4) no exceptions to the physical injury rule applied. Majors timely appealed.

Majors argues that the district court erred by using the physical injury rule to bar his claim for negligent infliction of emotional distress. He asks this court to abolish the physical injury rule in favor of an unspecified broader rule which would find mental injuries such as PTSD sufficient.

When, as here, there is no factual dispute, the court's review of an order regarding summary judgment is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013). On appeal, we apply the same summary judgment rules as does the district court and "when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." *Stanley Bank v. Parish*, 298 Kan. 755, Syl. ¶ 1, 317 P.3d 750 (2014).

In Kansas, the elements of a claim for negligent infliction of emotional distress include a qualifying physical injury.

> "To succeed on a claim for negligent infliction of emotional distress, a plaintiff must first establish that he or she has a qualifying physical injury under Kansas law. *Anderson v. Scheffler*, 242 Kan. 857, 860, 752 P.2d 667 (1988); see also *Grube v. Union Pacific R.R. Co.*, 256 Kan. 519, 522, 886 P.2d 845 (1994) (plaintiff must demonstrate a physical injury or a physical impact, which causes an actual injury, in order to recover for negligent infliction of emotional distress). Second, *Hoard* establishes that the qualifying physical injury must (1) directly result from the emotional distress allegedly caused by the defendant's negligence and (2) appear within a short span of time after the emotional disturbance. 233 Kan. at 279. Hence, [the plaintiff] must satisfy each of the requirements previously cited to succeed on his claim." *Ware v. ANW Special Educational Co-op. No. 603*, 39 Kan. App. 2d 397, 401, 180 P.3d 610 (2008).

4

Kansas has long held that a plaintiff cannot recover for emotional distress caused by the defendant's negligence unless that emotional distress is accompanied by or results in physical injury to the plaintiff. *Hoard v. Shawnee Mission Medical Center*, 233 Kan. 267, 274, 662 P.2d 1214 (1983); see *Grube v. Union Pacific R.R. Co.,* 256 Kan. 519, 522, 886 P.2d 845 (1994). The qualifying physical injury "must directly result from the emotional distress allegedly caused by the defendant's negligence and must appear within a short span of time after the emotional disturbance." *Hoard*, 233 Kan. at 279.

This physical injury rule is inapplicable where the injurious conduct is willful or wanton, or the defendant acts with intent to injure. *Hoard*, 233 Kan. at 274. Kansas courts also make an exception where a close relative suffers emotional harm from the negligent mishandling of a corpse. *Hoard*, 233 Kan. at 274. But no exception arguably applies in this case.

"Kansas has consistently held that generalized physical symptoms of emotional distress, such as those associated with PTSD . . . are insufficient to state a cause of action for a negligent infliction of emotional distress claim. See *Anderson*, 242 Kan. at 860." *Ware v. ANW Special Educational Co-op. No. 603*, 39 Kan. App. 2d 397, 407, 180 P.3d 610 (2008). And our court has recently held that the type of symptoms Majors experienced do not constitute physical injuries for purposes of a negligent infliction of emotional distress (NIED) claim:

"When determining if injuries may be classified as physical injuries under a NIED cause of action, Kansas courts have addressed various types of symptoms. See, *e.g.*, *Anderson*, 242 Kan. at 860 (shock, emotional pain, feelings of guilt, nightmares, and depression due to witnessing accident are not compensable physical injuries when there is no actual physical injury); *Hopkins v. State*, 237 Kan. 601, 612-13, 702 P.2d 311 (1985) (weight gain is not a compensable physical injury); *Reynolds v. Highland Manor, Inc.*, 24 Kan. App. 2d 859, 861-62, 954 P.2d 11 (1998) (plaintiff failed to meet physical injury requirement when she suffered headaches, diarrhea, nausea, crying, shaking, sexual

5

problems, and feelings of stress, all caused by anxiety); *Dill v. Barnett Funeral Home, Inc.*, No. 90,653, 2004 WL 292124, at *8 (Kan. App. 2004) (unpublished opinion), *rev. denied* 278 Kan. 844 (2004) (lack of sleep, recurring dreams, and general fatigue not a compensable physical injury)." *Williams v. Taco Tico, Inc.*, No. 106,088, 2012 WL 2045369, at *6 (Kan. App. 2012) (unpublished opinion) (finding "PTSD, depression, anxiety, insomnia, and nightmares do not qualify as physical injuries"), *rev. denied* 296 Kan. 1136 (2013).

By his own admission, Majors suffered no emotional distress accompanied by or resulting in his physical injury. Majors' emotional distress manifested several months after the collision, with the exception of his nightmares which began the night after the collision. Under existing Kansas caselaw, Majors' symptoms of anxiety, sleeping disorder, hypertension, and those symptoms which led to his PTSD diagnosis are too remote and speculative for recovery as they did not appear within a short span of time after the emotional disturbance. See *Hoard*, 233 Kan. at 279. Additionally, even if all of those symptoms had manifested closer in time to the accident, these were not accompanied by and did not result in physical injury to Majors. See *Lovitt v. Board of Shawnee County Comm'rs,* 43 Kan. App. 2d 4, 13-15, 221 P.3d 107 (2009) (holding driver could not prevail on negligent infliction of emotional distress claim absent physical injury); *Ware*, 39 Kan. App. 2d at 407 (refuting arguments similar to those made by Majors; finding generalized physical symptoms of emotional distress such as those associated with PTSD insufficient to state a cause of action for negligent infliction of emotional distress). Thus, no genuine issue of material fact precluded summary judgment on plaintiff's claim of negligent infliction of emotional distress.

Majors argues that times have changed and that Kansas is now in the "very small minority" of states that continue to apply the physical injury rule, citing *Squeo v. Norwalk Hospital Ass'n*, 316 Conn. 558, 565, __ A.3d __ ( 2015) (noting the physical injury rule has been "abandoned in nearly every jurisdiction as both over and under inclusive"). But we have no authority to overrule established precedent of the Kansas Supreme Court

absent some indication that it is departing from its previous position. See *Johnson v. Westhoff Sand Co.,* 281 Kan. 930, 952, 135 P.3d 1127 (2006); *State v. Rucker,* 49 Kan. App. 2d 414, 419, 310 P.3d 422 (2013) ("overruling a Kansas Supreme Court case is something that we obviously cannot do"); *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011) ("This court, however, is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position."). Majors cites no case indicating that the Kansas Supreme Court is tending to depart from the physical injury rule, and we find none.

The Kansas Supreme Court has explained the basis for and the importance of the doctrine of stare decisis:

> "'It is recognized under the doctrine of stare decisis that, once a point of law has been established by a court, that point of law will generally be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised. Stare decisis operates to promote system-wide stability and continuity by ensuring the survival of decisions that have been previously approved by a court. . . . The application of stare decisis ensures stability and continuity−demonstrating a continuing legitimacy of judicial review. Judicial adherence to constitutional precedent ensures that all branches of government, including the judicial branch, are bound by law.'" *Crist v. Hunan Palace, Inc.,* 277 Kan. 706, 715, 89 P.3d 573 (2004) ( quoting) *Samsel v. Wheeler Transport Services, Inc.,* 246 Kan. 336, 356, 789 P.2d 541 [1990], *overruled on other grounds Bair v. Peck,* 248 Kan. 824, 844, 811 P.2d 1176 [1991]).

Majors' claim is not cognizable under existing Kansas law. Any change to the physical injury rule must be considered and decided, if at all, by the Kansas Supreme Court as the court of last resort.

Affirmed.

7

\* \* \*

MALONE, C.J., concurring:  I concur with the majority opinion which faithfully follows the relevant Kansas Supreme Court precedent applying the physical injury rule to a claim to recover damages for emotional distress. However, I write separately to encourage the Kansas Supreme Court to reconsider the physical injury rule and either abandon the rule or adopt an exception to allow a plaintiff in a case such as this one to bring a cause of action for negligent infliction of emotional distress.

The relevant uncontrovered facts establish that on June 23, 2011, a collision occurred between a vehicle driven by Jason Majors and a vehicle driven by Gary Hillebrand, an employee of the Kansas Department of Transportation (KDOT). Hillebrand was driving a 72,500-pound truck with a snow bar attachment, and Majors was driving a Dodge Durango. Majors' 6-year-old daughter, Hailey Majors, was in the back seat of the Durango on the passenger side. Hillebrand's truck ran a stop sign and collided with the Durango. The snow bar attachment on Hillebrand's truck was raised though the safer practice is to lower the snow bar to a position close to the ground. Just before the collision, Majors saw the snow bar attachment on Hillebrand's truck coming toward his vehicle, and then he saw it burst through the windshield and the windows on his vehicle's passenger side. Majors' vehicle sustained substantial damage on the passenger side.

Immediately after the collision, Majors thought Hailey was dead because she was unresponsive, her scalp was pushed back, and she was not breathing. Her blood was all over the seat. Majors pulled Hailey from the vehicle and tried to control the bleeding. Hailey regained consciousness and Majors tried to calm her, applying pressure to the wound until the ambulance arrived. Hailey ultimately survived her injuries.

8

Before the collision, the general condition of Majors' health was fine. He was employed at the time of the accident, although he was on paid administrative leave from his job for nonmedical reasons. Majors began having nightmares the night after the collision. Over the next few months, he experienced severe anxiety, panic attacks, and difficulty focusing. Majors told his family doctor about this, and the doctor referred him to High Plains Mental Health. Marlin Birkey, a behavioral health counselor at High Plains who is qualified to diagnose psychiatric disorders, diagnosed Majors with post-traumatic stress disorder (PTSD). Eventually, Majors claimed that he was no longer able to maintain employment due to his symptoms.

Dr. George Athey, Jr., a licensed psychologist, evaluated Majors over the course of a day-and-a-half to determine his level of functioning. He found: (1) Majors suffers from PTSD that is specifically in response to the car accident and seeing Hailey injured; (2) Majors is not falsifying or exaggerating the difficulty of his experience; (3) Majors is not unmotivated or lacking the capacity to benefit from treatment, and recovery with treatment is expected to take 3 to 5 years; (4) Majors' functional limitations are a direct result of his PTSD; (5) the treatment Majors has been receiving is appropriate for his condition; and (6) the cost of said treatment also is appropriate for the treatment received.

Majors filed a petition against the defendants, including Hillebrand and KDOT, seeking to recover damages, including pain, suffering, medical bills, plus future pain, suffering, and medical bills. Hillebrand was later dismissed from the case. The remaining defendants filed a motion for summary judgment. The summary judgment pleadings established that Majors was not physically injured during the collision, and he never presented any evidence tending to show that he was physically injured as a result of his emotional distress in the aftermath of the collision.

The district court found that it was uncontroverted that Majors suffered from PTSD but ruled that the symptoms alleged by Majors do not qualify as a physical injury

9

under Kansas caselaw. The district court stated that it was bound by precedent mandating that a plaintiff must show that he or she suffered from a qualifying physical injury before he or she can succeed on any claim of negligent infliction of emotional distress. Accordingly, the district court granted summary judgment in favor of the defendants.

The district court correctly applied Kansas caselaw in granting the defendants' motion for summary judgment. Kansas has long held that a plaintiff cannot recover for emotional distress which was caused by the negligence of the defendant unless the emotional distress is accompanied by or results in physical injury to the plaintiff. *Hoard v. Shawnee Mission Medical Center*, 233 Kan. 267, 274, 662 P.2d 1214 (1983). The qualifying physical injury must directly result from the emotional distress allegedly caused by the defendant's negligence and appear within a short time span after the emotional disturbance. 233 Kan. at 279.

It appears that Kansas courts first applied the physical injury rule to a claim for emotional distress in *A.T.&S.F. Rld. Co. v. McGinnis*, 46 Kan. 109, 112-13, 26 Pac. 453 (1891). Consistent with the physical injury rule, Kansas courts have held that "[a] parent has no cause of action for his or her emotional injuries against one who negligently causes injury to a child when the parent is not present at the scene, is not directly injured, and neither witnesses nor perceives the occurrence causing injury to the child." *Smelko v. Brinton*, 241 Kan. 763, Syl. ¶ 4, 740 P.2d 591 (1987); *Schmeck v. City of Shawnee*, 231 Kan. 588, Syl. ¶ 1, 647 P.2d 1263 (1982).

This physical injury rule is inapplicable where the injurious conduct is willful or wanton, or the defendant acts with intent to injure. *Hoard*, 233 Kan. at 274. Kansas courts also make an exception where a close relative suffers emotional harm from the negligent mishandling of a corpse. 233 Kan. at 274. Neither of these exceptions apply to the facts of this case, and Majors does not argue on appeal that they do.

10

The rationale for courts distinguishing between claims for physical injuries as opposed to claims for emotional injuries has been explained in the comments section of the Restatement (Second) of Torts § 436A, as follows:

> "The reasons for the distinction, as they usually have been stated by the courts, have been three. One is that emotional disturbance which is not so severe and serious as to have physical consequences is normally in the realm of the trivial, and so falls within the maxim that the law does not concern itself with trifles. It is likely to be so temporary, so evanescent, and so relatively harmless and unimportant, that the task of compensating for it would unduly burden the courts and the defendants. The second is that in the absence of the guarantee of genuineness provided by resulting bodily harm, such emotional disturbance may be too easily feigned, depending, as it must, very largely upon the subjective testimony of the plaintiff; and that to allow recovery for it might open too wide a door for false claimants who have suffered no real harm at all. The third is that where the defendant has been merely negligent, without any element of intent to do harm, his fault is not so great that he should be required to make good a purely mental disturbance." Restatement (Second) of Torts § 436A, comment b (1965).

The underlying rationale supporting the physical injury rule is subject to scrutiny in the modern era. In our case, the uncontroverted evidence establishes that Dr. Athey, a licensed psychologist, has diagnosed Majors with PTSD that is specifically related to the car accident and seeing Hailey injured. PTSD is a psychological disorder recognized in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5), published by the American Psychiatric Association. In the United States, the DSM-5 serves as a universal authority for psychiatric diagnosis. Presumably, in the 21st century, courts no longer classify PTSD and other psychological disorders as "trivial" in nature.

As for whether Majors is "feigning" his symptoms, Dr. Athey has opined that Majors is not falsifying or exaggerating the difficulty of his experience. Majors' PTSD symptoms are mostly subjective rather than objective. But Kansas courts have always allowed recovery for "pain and suffering" even though that element of damages is

11

entirely subjective. On almost a daily basis, juries across Kansas are called upon to evaluate and award damages for claims of mental anguish, suffering, and bereavement.

The Kansas Legislature has stepped in to protect tortfeasors and the public in general from plaintiffs who may file exaggerated claims and seek to take advantage of "run-away" juries. For instance, K.S.A. 40-3117 provides that in any tort action against the owner, operator, or occupant of a motor vehicle, a plaintiff may recover damages for pain and suffering only in the event that the plaintiff establishes a threshold loss of $2,000 in reasonable medical bills associated with the accident. Likewise, K.S.A. 2014 Supp. 60-19a02 provides that in any personal injury action, the total amount recoverable by each party for all claims of noneconomic loss shall not exceed $250,000 for causes of action accruing before July 1, 2014, such as the one brought by Majors.

The physical injury rule that bars recovery for plaintiffs such as Majors is imposed by the courts rather than by the legislature. The rule developed in the common law and has always been applied in Kansas. However, it would appear that Kansas is now in the small minority of states that strictly applies the physical injury rule to restrict a plaintiff's recovery for negligent infliction of emotional distress. In *Squeo v. Norwalk Hospital Ass'n*, 316 Conn. 558, 565-66, ___ A.3d ___ (2015), the Connecticut Supreme Court recently stated:

> "At the same time, as our society has come to better understand the nature of trauma and other forms of mental distress, a recognition has emerged that witnessing a horrific accident or injury can result in legitimate, serious emotional harm, harm that can be objectively diagnosed and that is deserving of compensation. As a result, courts have grappled with the best way to afford a remedy for a bystander's genuine emotional distress while placing reasonable limits on the scope of such liability.
> "Over the past century, three approaches have, successively, represented the majority approach to this issue in the United States. Initially, most jurisdictions followed the impact rule, in which a bystander can recover for emotional injuries only when he or

she was personally physically impacted by the accident in which the primary victim was injured. Although this rule initially was viewed as providing some guarantee of the genuineness and seriousness of a bystander's alleged emotional distress, it since has been abandoned in nearly every jurisdiction as both over and under inclusive.

. . . .

"Instead, beginning with the seminal California case of *Dillon v. Legg,* 68 Cal. 2d 728, 441 P.2d 912, 69 Cal. Rptr. 72 (1968), nearly three fourths of the states have adopted some form of what has come to be known as the rule of reasonable foreseeability. Under this rule, which applies traditional principles of tort law in the bystander context, a bystander to a negligently caused injury or accident may recover for his or her own emotional distress whenever it is reasonably foreseeable that the defendant's negligence will result in such harm. [Citation omitted.]"

The physical injury rule unnecessarily infringes on the constitutional rights of Kansas citizens to secure a remedy by due course of law for legitimate damage claims, including the right of trial by jury. Section 5 of the Kansas Constitution Bill of Rights states that the "right of trial by jury shall be inviolate." This is "'a substantial and valuable right and should never be lightly denied. The law favors trial by jury, and the right should be carefully guarded against infringements.' [Citation omitted.]" *Miller v. Johnson*, 295 Kan. 636, 647, 289 P.3d 1098 (2012). Moreover, § 18 of the Kansas Constitution Bill of Rights guarantees the right to a remedy by due course of law for injuries to persons or property. It states: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

As a general rule in Kansas, in order to recover for negligence, a plaintiff must establish: (1) the existence of a duty or standard of care, (2) breach of that duty, (3) injury, and (4) a causal connection between the duty breached and the injury suffered. *Thomas v. Board of Shawnee County Comm'rs*, 293 Kan. 208, 220-21, 262 P.3d 336 (2011). Conceptually speaking, as long as a plaintiff is bringing a claim for a diagnosed injury recognized in the DSM-5, there should be no distinction as to recovery between a claim for an emotional injury as opposed to a claim for a physical injury. Juries are

13

capable of sorting out the legitimacy of claimed emotional injuries and awarding the appropriate amount of damages as they do every day in Kansas for claimed physical injuries.

But courts in every state place some sort of restrictions on plaintiffs, such as Majors, who seek to recover damages for emotional distress brought about when a tortfeasor negligently injures a third party. As the Connecticut Supreme Court stated in *Squeo*, the modern trend appears to allow recovery for emotional distress in such cases as long as the claimed emotional injury is reasonably foreseeable. Under the restrictions recognized by courts in most other states, a plaintiff such as Majors has a viable cause of action to recover damages for negligent infliction of emotional distress. See *Annot., Recovery Under State Law for Negligent Infliction of Emotional Distress Under Rule of Dillon v. Legg, 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P.2d 912 (1968), or Refinements Thereof*, 96 A.L.R.5th 107.

Kansas should abandon or modify its strict adherence to the physical injury rule and consider an approach that allows a plaintiff to recover damages for emotional distress brought about when a tortfeasor negligently injures a third party as long as the claimed emotional injury is reasonably foreseeable. In determining whether the defendant should have reasonably foreseen the emotional injury, that is, whether the defendant owed the plaintiff a duty of care, courts should take into account certain factors, including (1) whether the plaintiff and the third-party victim are closely related and (2) whether the plaintiff was present and actually observed the injury to the third-party victim. Such restrictions would be sufficient to protect the public from frivolous claims.

As the majority opinion correctly points out, under the doctrine of stare decisis, once a point of law has been established by a court, that point of law generally will be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised. "'Stare decisis operates to promote system-wide stability and

14

continuity by ensuring the survival of decisions that have been previously approved by a court.' [Citation omitted.]" *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 715, 89 P.3d 573 (2004). But a court of last resort will depart from the rule of law it established in its earlier cases when the court is clearly convinced the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent. *Miller*, 295 Kan. 636, Syl. ¶ 4.

I submit that in a case such as this one in which a parent seeks to recover for emotional distress brought about when the parent observes a traumatic injury to his or her child caused by a tortfeasor's negligence, strict adherence to the physical injury rule is no longer sound and more good than harm will come by departing from precedent. This case presents an opportunity for the Kansas Supreme Court to revisit the physical injury rule and either abandon the rule or adopt an exception to allow a plaintiff in a case such as this one to bring a cause of action for negligent infliction of emotional distress. We should trust our jury system to resolve civil disputes as guaranteed by our Kansas Constitution. Plaintiffs such as Majors with documented claims of emotional distress are entitled to a remedy and should not be turned away from Kansas courts as a matter of law.

15